HIGH POINT SPRINKLER COMPANY, PLAINTIFF v. DOCKERY CORPORATION, DEFENDANT v. THE CARDINAL CORPORATION, THIRD-PARTY DEFENDANT

No. 7918DC235

(Filed 20 November 1979)

Contracts § 16— design of sprinkler system—approval as condition of contract—condition not met

There was no contract between the parties for the design and installation of a sprinkler system upon which plaintiff could recover where the written "contract" in question contained a condition specifying that any plans for the design of an automatic sprinkler system had to be approved by Insurance Services Office before work could proceed thereon, no contract came into being between the parties unless and until this condition was met, and the condition was not met.

APPEAL by plaintiff from *Alexander (Elreta M.), Judge*. Judgment entered 8 December 1978 in District Court, GUILFORD County. Heard in the Court of Appeals on 25 October 1979.

Plaintiff High Point Sprinkler Company brought this action against the defendant Dockery Corporation alleging that it entered into a contract with Dockery on 17 October 1975 and, at Dockery's direction, commenced performance shortly thereafter by drawing design plans for an automatic sprinkler system to be installed by plaintiff pursuant to the contract terms. However, in December 1975, the defendant "informed Plaintiff that said contract was cancelled," and plaintiff ceased work thereunder. Plaintiff claims that Dockery owes it $1,644.00 for work performed prior to cancellation of the contract, and $1,581.82 for profits it would have earned had the contract not been cancelled.

Defendant Dockery, answering, asserted that plaintiff had failed to comply with the "obligations" imposed upon it by the terms of the "Proposal" under which it submitted design plans and, therefore, was barred from any recovery. Dockery also filed a third-party claim against The Cardinal Corporation, owner of the property in which the sprinkler system was to have been installed, maintaining that it was entitled to indemnification from Cardinal in the event of a recovery by plaintiff. Cardinal failed to answer, and subsequently, the matter was tried without a jury before Judge Alexander who, at the end of the plaintiff's evidence, made findings of fact and conclusions of law, and thereupon granted the defendant Dockery's motion to dismiss. Plaintiff appealed.

*Turner, Enochs, Foster & Burnley, by Wendell H. Ott, for plaintiff appellant.*

*Block, Meyland & Lloyd, by A. L. Meyland, for defendant appellee.*

HEDRICK, Judge.

The record before us is devoid of any evidence presented at the hearing before Judge Alexander. Thus, we quote *in toto* the facts as found by her for the purpose of showing the events which gave rise to this controversy.

1. Defendant, pursuant to a contract with the third-party defendant Cardinal Corporation, was the general contractor responsible for building the Cardinal Golf Club.

2. John Ward, plaintiff's sales manager, interviewed Kenneth Baker, defendant's Vice-President for construction, at defendant's place of business in early October, 1975, for the purpose of obtaining information necessary for the preparation of a bid by plaintiff, as subcontractor, to be submitted to defendant, the general contractor. The bid in question was for the design, fabrication and installation of an automatic sprinkler fire protection system at the Cardinal Golf Club.

3. Mr. Baker referred Mr. Ward to agents of the Cardinal Corporation for instructions and information essential to the submission of the bid to be prepared by plaintiff, conveying to Mr. Ward the fact that said bid was to be prepared consistent with such instructions and information.

4. Upon instructions of defendant's Vice President, Mr. Ward visited the project site and received the requisite instructions and information from agents of the Cardinal Corporation.

5. Included in the instructions received by Mr. Ward was a directive that the bid to be prepared must use an existing irrigation system to supply water for the sprinkler system.

6. Mr. Ward expressed reservations and raised questions about the suitability of the irrigation system for a water supply source, but was advised by agents of ghe [sic] Cardinal Corporation that the irrigation system had already been checked and approved by the appropriate insurance carriers, that alternative water supply sources would be too expensive, and that competitive bidders had similarly been instructed to use the irrigation system for water supply.

7. Plaintiff subsequently prepared and submitted the bid to defendant in accordance with and consistent with the instructions received, in the amount of $17,400.00.00 [sic], by letter dated October 9, 1975. *The bid contained a provision*

*that the design criteria for the sprinkler system was to meet with the approval of Insurance Services Office (ISO)* and provided that "(w)e propose to supply the new system from the irrigation system approximately 100 feet from the building, as directed by the Cardinal Corporation."

8. Defendant, with full knowledge that plaintiff's bid was based upon instructions received from Cardinal Corporation agents as per defendant's directions, and with full knowledge that plaintiff had been directed to use the irrigation system water supply, accepted plaintiff's bid on October 17, 1975, thus forming a contract between plaintiff and defendant.

9. Upon defendant's specific direction, plaintiff thereupon commenced performance of said contract by purchasing requisite permits and by completing the required engineering design work.

10. Upon completion of the engineering design work, plaintiff submitted the proposed design to ISO for review and approval. ISO concluded that the plans were not acceptable because of the proposed use of the irrigation system for water supply.

11. Plaintiff, defendant and Cardinal Corporation conferred about the problems posed by ISO rejection of the irrigation water supply. Plaintiff advised defendant and Cardinal Corporation that the irrigation system could be accepted by ISO as a water source with the addition of certain water tanks and pumps to the system as designed by the plaintiff, and gave an estimate as to the additional amount of money required to resolve this problem.

12. Cardinal Corporation, after evaluating the additional cost in relation to the lower insurance premiums that would be available with a sprinkler system, concluded that its economic best interest would be served by abandoning its plan to have a fire protection system.

13. Defendant subsequently instructed Plaintiff to cease its performance under the contract between plaintiff and defendant.

14. Plaintiff submitted to defendant a demand for $1,644.00 on December 30, 1975, said amount representing the

design work performed by plaintiff. Defendant has failed and refused to pay same.

15. Plaintiff did not intend to warrant that the irrigation water supply would be approved by ISO.

16. Sprinkler system for fire protection purposes is an integrated system and includes a water supply.

[Our emphasis.]

Upon motion of the defendant Dockery, plaintiff's claim was dismissed pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, G.S. § 1A-1, which provides in pertinent part as follows:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

By its sole assignment of error, plaintiff argues on appeal that, contrary to the court's conclusions, the unchallenged findings of fact set out above plainly demonstrate that it, the plaintiff, is entitled to relief. Plaintiff asserts two theories upon which it maintains it can recover: the doctrine of "partial performance" or, alternatively, that of "faulty specifications." We disagree, and find it unnecessary to discuss the legal principles associated with either doctrine since we think, and so hold, that the findings clearly preclude any recovery by plaintiff.

The set of facts involved in this case demonstrates beyond peradventure that plaintiff is not entitled to recover anything of this defendant for the simple reason that the written "contract" contained a condition specifying that any plans for the design of an automatic sprinkler system had to be approved by Insurance Services Office (ISO) before work could proceed thereon. Regardless of the finding by Judge Alexander that a contract existed between plaintiff and defendant Dockery, we are of the opinion that no contract came into being between these parties unless and until this condition was met. Neither party could exact performance of the other before ISO approval had been obtained. *See* 3 Strong's N.C. Index 3d, *Contracts* § 16 (1976); 3A Corbin, *Con-*

*tracts* §§ 626, 627, 631 (1960). In other words, the existence of legal relations between these parties was dependent upon the happening of the stated contingency.

The record affirmatively discloses that the plaintiff was aware of the condition imposed upon its undertaking. No question of waiver is presented. Since the condition was not met, it follows that plaintiff has no grounds in law or fact under which it can assert a right to relief. The action of the trial court in dismissing plaintiff's claim was, therefore, proper and is hereby

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.