SANDRA ELAINE PHILPOTT v. SAM EDWARD JOHNSON

No. 7714SC1031

(Filed 17 October 1978)

1. **Process § 1.1— manner of service of process—no findings of fact by trial court—consideration by Court of Appeals**

On a motion to dismiss for insufficiency of process where the trial court entered an order without making findings of fact, the Court of Appeals will determine as a matter of law if the manner of service of process was correct.

2. **Rules of Civil Procedure § 4.1— service by publication—affidavit filed six months after publication**

Though an affidavit showing service by publication was not filed until after a motion to quash had been filed and some six months after the last day of publication, the required affidavit was nevertheless filed "upon completion of such service," and defendant showed no prejudice resulting to him as a result of this plaintiff's waiting approximately six months to file the affidavit. G.S. 1A-1, Rule 4(j)(9)c.

3. **Process § 10.4— service by publication—proof of service by affidavit—affidavit of corporation's agent sufficient**

G.S. 1-75.10, requiring proof of service of process by the affidavit of a publisher or printer, his foreman or principal clerk, is complied with when an agent executes an affidavit for the publisher which is a corporation.

APPEAL by plaintiff from *Jackson, Judge*. Judgment entered 11 October 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 21 September 1978.

This is an appeal from an order of the superior court quashing a service of summons. The complaint was filed and the summons issued on 23 November 1976. The summons was returned by the Durham County Sheriff's Department on 24 November 1976 indicating the defendant was not to be found within Durham County. Thereafter, on 17 December 1976, service by publication was commenced in the *Durham Morning Herald*. On 10 June 1977, the defendant filed a motion to quash the service of summons. On 13 June 1977, the plaintiff filed an affidavit by Donna B. Minor, an agent of the Durham Herald Co., Inc., publishers of the *Durham Morning Herald*, saying that the notice of publication had been published once a week for three successive weeks commencing 17 December 1977. An affidavit by W. W. Perry, attorney for the plaintiff, was also filed on 13 June

1977. The superior court quashed the service of the summons and the plaintiff appealed.

*W. W. Perry, and Malone, Johnson, DeJarmon and Spaulding, by Albert L. Willis, for plaintiff appellant.*

*Smith, Anderson, Blount and Mitchell, by J. G. Billings, for defendant appellee.*

WEBB, Judge.

We hold it was error for the superior court to quash the service of summons and we reverse.

[1] The defendant first contends that since the judge of superior court entered the order quashing the service without any findings of fact and without a request for findings that the superior court judgment is deemed to be supported by the proper findings and the plaintiff is precluded from challenging them. *Sherwood v. Sherwood*, 29 N.C. App. 112, 223 S.E. 2d 509 (1976) holds that on a motion to dismiss for insufficiency of process where the trial court entered an order without making findings of fact, the Court of Appeals will determine as a matter of law if the manner of service of process was correct. In this case there is no dispute as to the manner of service of process. We hold we may examine this service to see if it is a correct service of the summons.

[2] The defendant also contends that the plaintiff did not file with the court an affidavit showing service by publication upon completion of the service. In order for service by publication to be complete, Rule 4(j)(9)c of the North Carolina Rules of Civil Procedure dealing with service by publication provides in part:

"Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(2) and the circumstances warranting the use of service by publication."

The defendant argues that since the required affidavit was not filed until after the motion to quash had been filed and some six months after the last day of publication the required affidavit was not filed "upon completion of such service." No prejudice has been shown to the defendant as a result of the plaintiff's waiting ap-

proximately six months to file the affidavit. We hold that in this case the affidavit was filed "upon completion of such service."

[3]  Finally, the defendant contends that the affidavit does not comply with G.S. 1-75.10 dealing with proof of service of process which says:

> "Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:
>
> *     *     *
>
> (2) Service of Publication.—In the case of publication, by the affidavit of the publisher or printer, or his foreman or principal clerk, . . . ."

The defendant contends that the affidavit was not made by the "publisher or printer or his foreman or principal clerk," but by an agent of the publisher as shown on the affidavit. The affidavit shows that the publisher is a corporation. Corporations act through agents. We hold that it is compliance with the statute when an agent executes an affidavit for the corporation.

For the reasons stated in this opinion, we hold the defendant was properly served by publication.

Reversed and remanded.

Judges ARNOLD and ERWIN concur.