LEONARD F. WINTER v. TONY ANTHONY WILLIAMS

No. 9210SC14

(Filed 2 February 1993)

**Process § 10.2 (NCI3d)— sufficiency of service of process— publication—sufficiency as to diligence to ascertain defendant's whereabouts**

The trial court erred in granting defendant's motion to dismiss based on lack of jurisdiction over the person, insufficient process, and insufficient service of process, where plaintiff's counsel attempted service at both of defendant's available addresses, consulted the local telephone directory and the Department of Motor Vehicles to obtain information, contacted

defendant's insurer and attorney seeking information as to defendant's whereabouts, and finally wrote the California Department of Motor Vehicles based on a statement by defendant's sister that he was "out west, possibly California"; plaintiff subsequently served notice on defendant via publication in the local newspaper and sent notification to defendant's counsel; and plaintiff thus showed that he exercised due diligence in attempting to ascertain the address or whereabouts of defendant before serving by publication. N.C.G.S. § 1A-1, Rule 4(j1).

**Am Jur 2d, Process §§ 147, 241-242.**

Appeal by plaintiff from order entered 6 September 1991 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 8 December 1992.

*Brady, Schilawski, Earls & Ingram, by John Randolph Ingram, II and Michael F. Schilawski, for plaintiff-appellant.*

*Bailey & Dixon, by Steven M. Fisher, for defendant-appellee.*

WYNN, Judge.

Appellant filed a complaint against defendant on 6 April 1990 to recover damages for injuries arising out of an automobile accident which occurred on 8 April 1987 in Wake County, North Carolina. A civil summons appears to have been issued the same day and returned upon certification that defendant was not to be found in Wake County. Summons was endorsed on 25 April 1990, and on 14 June 1990 an Alias and Pluries summons was issued. Plaintiff published service of process in *The Cary News* on 2, 9, and 16 September 1990. Defendant answered filing a motion to dismiss the complaint pursuant to N.C.G.S. § 1A-1, Rules 12(b)(2), 12(b)(4), and 12(b)(5) for lack of jurisdiction over the person, insufficient process and insufficient service of process. From the trial court's grant of defendant's motion, plaintiff appeals.

By plaintiff-appellant's sole assignment of error, he contends that the trial court erred in granting the defendant's motion to dismiss based upon lack of jurisdiction over the person, insufficient process and insufficient service of process because jurisdiction was properly obtained over the person of the defendant utilizing service by publication pursuant to N.C.G.S. § 1A-1, Rule 4(j1). We agree.

The trial judge entered the order dismissing plaintiff's action without making any findings of fact. "[O]n a motion to dismiss for insufficiency of process where the trial court enter[s] an order without making findings of fact, the Court of Appeals will determine as a matter of law if the manner of service of process was correct." *Philpott v. Johnson*, 38 N.C. App. 380, 381, 247 S.E.2d 781, 782 (1978) (citing *Sherwood v. Sherwood*, 29 N.C. App. 112, 223 S.E.2d 509 (1976) ). Where there is no dispute as to the manner of service of process, we may examine the service to see if a correct service of the summons occurred. *Id.*

North Carolina General Statute Section 1A-1, Rule 4, which governs service of process provides:

(j) *Process—Manner of service to exercise personal jurisdiction.* — In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process . . . shall be as follows:

(1) Natural Person. — Except as provided in subsection (2) below, upon a natural person:

   a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age then residing therein; or

   b. By delivering a copy of the summons and of the complaint to an agent authorized . . . to be served.

   c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4 (j)(1)a (1990).

If a party cannot with due diligence be served by one of the above enumerated methods, or in the alternative, a party's address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained, then service by publication is permissible. *Emanuel v. Fellows*, 47 N.C. App. 340, 267 S.E.2d 368, *disc. rev. denied*, 301 N.C. 87 (1980); N.C. Gen. Stat. § 1A-1, Rule 4 (j1). Defendant contends that the plaintiff failed

to exercise due diligence in determining the whereabouts of defendant before serving by publication.

"Due diligence dictates that plaintiff use all resources reasonably available to her [or him] in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper." *Fountain v. Patrick*, 44 N.C. App. 584, 587, 261 S.E.2d 514, 516 (1980) (citing N.C. Gen. Stat. § 1A-1, Rule 4(j)(9)c and *Thomas v. Thomas*, 43 N.C. App. 638, 260 S.E.2d 163 (1979)). In determining what constitutes due diligence for the purpose of permitting service by publication, this Court has declined to formulate a "restrictive mandatory checklist." Rather, a case by case method of analysis has been adopted. *Emanuel*, 47 N.C. App. at 347, 267 S.E.2d at 372.

The facts of the subject case closely resemble those in *Emanuel*. In *Emanuel*, the plaintiff attempted service at the address shown for the defendant in the telephone directory. After delivery proved impossible at that address, plaintiff placed a call to the number listed in the directory and found it to be no longer in service and found that no other listing was available. Counsel for plaintiff then contacted the defendant's insurer who also could not provide an address. Plaintiff commenced service by publication at that point. This court held these efforts to constitute due diligence in attempting to ascertain the defendant's address or whereabouts. *Id.*

Other cases have recognized the significance of checking public records to determine the address or whereabouts of a party to be served. See *In re Clark*, 76 N.C. App. 83, 87-88, 332 S.E.2d 196, 199-200, *disc. rev. denied*, 314 N.C. 665, 335 S.E.2d 322 (1985) (no due diligence where petitioner in a termination of parental rights case knew respondent's name and his county of residence, but had not checked the public records to determine his location; rather petitioner relied solely on information supplied by the mother of respondent's child); *Williamson v. Savage*, 104 N.C. App. 188, 408 S.E.2d 754 (1991) (due diligence found where trustee attempted several times to contact co-petitioner, who knew the address of the other party entitled to notice and trustee knew that Bank had also attempted unsuccessfully to contact the co-petitioner to obtain the address).

The record on appeal tends to show the following. Counsel for plaintiff undertook to locate defendant's address in the local

telephone directory, the Greater Raleigh Cross Reference Directory and by checking the records of the North Carolina Department of Motor Vehicles. According to the date written in by the Deputy Clerk of Court for Wake County, the original summons was issued on 5 April 1990, however, the date stamped on the document is 6 April 1990. The record tends to show that the differing dates was the result of a clerical error and that the true date of issuance was 6 April 1990 the same date that the complaint was filed. The summons was issued to the Wake County Sheriff's Department for service on defendant at 2149 Stonehenge Drive, Apt. 4 in Raleigh, North Carolina. This was the address provided by defendant on the Motor Vehicle Traffic Accident Report and the address indicated on a North Carolina Division of Motor Vehicles Drivers License Record Check obtained by plaintiff. The Sheriff's Department returned the summons unserved with the notation, "did not locate at address."

Based on information gathered by the Wake County Sheriff's Department, the original summons was then endorsed by the Clerk of Superior Court of Wake County and delivered to the Sheriff of Granville County, North Carolina for service on defendant at 611 28th Street in Butner, North Carolina. The summons was returned unserved on 2 May 1990 with the notation "2nd attempt did not locate. Has moved out West. Possibly California according to sister."

Upon plaintiff's request, the Wake County Clerk of Court issued an Alias and Pluries Summons on 14 June 1990. Based upon the information supplied by the Granville County Sheriff's Department, counsel for plaintiff wrote to the Department of Motor Vehicles in Sacramento, California, twice requesting information on the whereabouts of defendant. Attached to the requests were the collision report and the defendant's driving record. Counsel received a response from the California Department of Motor Vehicles indicating that there was no record on the defendant based on the information provided.

On 18 July 1990, plaintiff's counsel wrote to defendant's insurer, Nationwide Mutual Insurance Company, seeking information as to the defendant's whereabouts. Nationwide did not respond. However, on 3 August 1990, counsel for plaintiff received a letter from counsel for defendant indicating that his firm had been retained by Nationwide to represent the defendant, that he was

WINTER v. WILLIAMS

[108 N.C. App. 739 (1993)]

trying to obtain defendant's address and that he would contact plaintiff's counsel when he did so. Plaintiff subsequently served notice on defendant via publication in *The Cary News* and sent notification of the service to defendant's counsel.

Plaintiff's counsel filed an affidavit of service by publication pursuant to the requirements of N.C.G.S. § 1A-1, Rule 4(j1) and Rule 4(j2)(3) on 28 September 1990 which outlined the efforts undertaken to locate the defendant. Counsel for defendant filed an answer on 13 November 1990 which included a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rules 12(b)(2), 12(b)(4), and 12(b)(5). According to the affidavit of defendant's counsel, she did not obtain defendant's current address until 16 November 1990.

This evidence is sufficient to find that the plaintiff exercised due diligence in attempting to ascertain the address or whereabouts of the defendant. Plaintiff's counsel attempted service at both available addresses, consulted the local telephone directory and the department of motor vehicles to obtain information, contacted the defendant's insurer and attorney seeking information as to defendant's whereabouts and finally wrote to the California Department of Motor Vehicles based on a statement by defendant's sister that he was "out west, possibly California." "A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service." *Poole v. Hanover Brook, Inc.*, 34 N.C. App. 550, 555, 239 S.E.2d 479, 482, *disc. rev. denied*, 294 N.C. 183, 241 S.E.2d 479 (1977) (citations omitted).

Defendant contends further that even if service by publication was permissible in this case, the plaintiff failed to meet the mandates of the statute for valid publication by failing to publish notice of service in "an area where plaintiff believed defendant to be located."

The manner of service by publication consists of publishing a notice once a week for three consecutive weeks in a newspaper qualified for legal advertising and circulated in an area where the party to be served is believed by the serving party to be located. If there is no reliable information as to the location of the party, then the publication is to be made in the county where the action is pending. N.C. Gen. Stat. § 1A-1, Rule 4 (j1).

Defendant asserts that because the plaintiff had information that the defendant may be out west, possibly California, notice should have been published there. The evidence as discussed previously, indicates however, that plaintiff's counsel attempted to obtain reliable information from the California Department of Motor Vehicles regarding the defendant's presence in that state. No information was obtained. Whereas defendant's last known address was in Wake County and despite reasonable efforts, plaintiff had no "reliable information" as to the defendant's whereabouts, publication was proper in the county in which the action was pending.

For the reasons stated in this opinion, we hold that the defendant was properly served by publication and the order granting the defendant's motion to dismiss is

Reversed.

Judges COZORT and GREENE concur.