BARCLAYS AMERICAN/MORTGAGE CORP. v. BECA ENTERPRISES

[116 N.C. App. 100 (1994)]

is valid and not subject to attack as an unreasonable restraint on alienation," and concluded, therefore, that the provision was enforceable. *Id.* at 704, 301 S.E.2d at 731.

In this case, the respondent's right to occupy the house can last no longer than his lifetime, thus implicitly limiting the duration of the waiver of the right to partition. The Agreement did not unreasonably limit the petitioner's right to partition and was effective to waive that right. Hence, the trial court erred in not dismissing the petition to partition. We vacate its judgment.

Vacated.

Judges JOHNSON and MARTIN concur.

---

BARCLAYS AMERICAN/MORTGAGE CORPORATION, Plaintiff, v. BECA ENTERPRISES, a North Carolina General Partnership; W.G. ERWIN, JR., General Partner; CHARLES H. ALBRITTON, III, General Partner, Defendants

No. 923SC1296

(Filed 16 August 1994)

**Process and Service § 94 (NCI4th)— deficiency action—lack of notice of foreclosure proceedings—summary judgment for defendant proper**

Plaintiff deed of trust holder did not exercise due diligence or make a reasonable and diligent effort in attempting to serve defendant partner in the debtor-partnership with notice of a foreclosure hearing, could thus not rely on notice by posting, and was not entitled to recover deficiencies from defendant following the foreclosure sales where plaintiff's only attempt at personal service was one letter mailed to the parnership's business address; plaintiff made no attempt to ascertain defendant's personal address even though this address was a matter of public record; and plaintiff's attorney readily ascertained defendant's address and without difficulty obtained personal service upon him in this deficiency action. N.C.G.S. § 45-21.16(b)(2).

**Am Jur 2d, Process §§ 248 et seq.**

Appeal by plaintiff from judgment entered 15 September 1992 by Judge Ernest B. Fullwood in Pitt County Superior Court. Heard in the Court of Appeals 28 October 1993.

*Browning, Hill & Hilburn, by W. Gregory Duke, for plaintiff-appellant.*

*Everett, Everett, Warren & Harper, by Edward J. Harper, II, for defendant-appellee.*

JOHN, Judge.

In this foreclosure action plaintiff challenges the entry of summary judgment in favor of defendant Charles H. Albritton, III (Albritton) and the denial of its motion for summary judgment. Upon review, we affirm the action of the trial court.

The material facts are not in dispute. On 16 December 1986, BECA Enterprises (BECA), a North Carolina General Partnership, through its two general partners W. G. Erwin, Jr. (Erwin) and Albritton, executed and delivered four deeds of trust to Cameron-Brown Company. Each secured a separate promissory note in the amount of $40,250. Cameron-Brown thereafter assigned the instruments to plaintiff.

BECA subsequently defaulted on the notes, and plaintiff requested commencement of foreclosure proceedings against each of the four pledged properties. The trustee under the deeds sought to serve BECA and its general partners with Notice of Foreclosure Hearing by mailing a separate certified letter concerning each of the respective properties to P. O. Box 2622, Greenville, N.C. 27836, the business address of BECA. Three of the letters were returned unclaimed. The other was not returned, nor was a return receipt. Thereafter, Notice of Hearing was posted at the four affected premises. Following foreclosure sales, deficiencies remained under each of the promissory notes.

On 25 June 1991, plaintiff brought the instant action seeking to recover the deficiencies. Albritton was sued in his individual capacity and as a general partner of BECA. On 16 September 1991, he filed answer asserting *inter alia* the affirmative defense of plaintiff's failure to serve him with Notice of Hearing in the foreclosure proceeding as required by N.C.G.S. § 45-21.16 (1991). The trial court allowed Albritton's motion for summary judgment on 15 September 1992. Default was entered against BECA and Erwin and they are not parties to this appeal.

The sole question for resolution herein is the propriety of the trial court's entry of summary judgment in favor of defendant Albritton. "Summary judgment is properly granted when there is no genuine issue of material fact and one of the parties is entitled to judgment as a matter of law." *Federal Land Bank v. Lackey*, 94 N.C. App. 553, 554, 380 S.E.2d 538, 538-39 (1989), *aff'd*, 326 N.C. 478, 390 S.E.2d 138 (1990); *see also* N.C.R. Civ. P. 56 (1990). This burden may be met by "showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or *cannot surmount an affirmative defense which would bar the claim.*" *Roumillat v. Simplistic Enterprises, Inc.* 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992); (emphasis added) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

Albritton contends plaintiff was unable to overcome the affirmative defense of lack of notice set out in his answer and that, since G.S. § 45-21.16(b)(2) provides that a person who has no notice of hearing shall not be held liable upon any deficiency, his motion for summary judgment was properly allowed. We agree.

Concerning the requirement of notice, G.S. § 45-21.16 provides in pertinent part as follows:

> The mortgagee or trustee granted a power of sale under a mortgage or deed of trust who seeks to exercise such power of sale shall serve upon each party entitled to notice . . . a notice of hearing.
>
> . . .
>
> The notice shall be served in any manner provided by the Rules of Civil Procedure for the service of summons, or may be served by actual delivery by registered or certified mail, return receipt requested; *provided, that in those instances in which service by publication would be authorized, service may be made by posting a notice in a conspicuous place and manner upon the property* . . . ; *provided further, if service upon a party cannot be effected after a reasonable and diligent effort* in a manner authorized above, *notice to such party may be given by posting a notice in a conspicuous place and manner upon the property* . . . .

G.S. § 45-21.16(a) (emphasis added).

Under our Rules of Civil Procedure referenced in the statute, service by publication is authorized only when a party "cannot with

*due diligence* be served by personal delivery or registered or certified mail." N.C.R. Civ. P. 4(j1) (1990); *see also Lackey*, 94 N.C. App. at 556-57, 380 S.E.2d at 540 (Notice by posting is permissible under G.S. § 45-21.16(a) only when "the party's name and address are not reasonably ascertainable."). Service of process by publication is in derogation of the common law, and a statute sanctioning it must therefore be strictly construed both as a grant of authority and in determining if service has been effected in conformity therewith. *Emanuel v. Fellows*, 47 N.C. App. 340, 345, 267 S.E.2d 368, 371, *disc. review denied*, 301 N.C. 87 (1980).

In determining whether due diligence has been exerted in effecting service, this Court has rejected use of a "restrictive mandatory checklist" and has held determination in each case is based upon the facts and circumstances thereof. *Emanuel*, 47 N.C. App. at 347, 267 S.E.2d at 372. However, the "due diligence" test of Rule 4(j1) requires a party to use all reasonably available resources to accomplish service. *Williamson v. Savage*, 104 N.C. App. 188, 192, 408 S.E.2d 754, 756 (1991). Likewise, a "reasonable and diligent effort" under G.S. § 45-21.16(a) would similarly necessitate employment of "reasonably ascertainable" information. *See Lackey*, 94 N.C. App. at 556-57, 380 S.E.2d at 540.

In the case *sub judice*, plaintiff's sole attempt at personal service of Notice upon Albritton consisted of a certified letter mailed to the business address of BECA, a postal box number. Strictly construing plaintiff's effort, *Emanuel* 47 N.C. App. at 345, 267 S.E.2d at 371, we believe this solitary venture constituted neither application of "due diligence" as required by Rule 4(j1) nor a "reasonable and diligent effort" as required by G.S. § 45-21.16(a).

*First*, Albritton's correct address was reasonably discoverable in that it was listed on the public record. On 22 November 1986, BECA and its general partners had filed a Certificate of General Partnership and Assumed Name with the Office of Register of Deeds of Pitt County. This document indicated the residential address of Albritton as 1800 Windsor Road, Kinston, North Carolina 28501. It is uncontroverted that this remained his address at all pertinent times. In addition, the record reflects the Albritton Company, an unrelated business of defendant Albritton, maintained at all relevant times a location in Pitt County, recorded taxes for both 1990 and 1991 with the Pitt County Tax Assessor, advertised with a street address in the Greenville *Daily Reflector* and was listed in the local telephone directory.

The public record is generally regarded as being reasonably available, and this Court has consistently attached a level of significance to whether or not the public record has been inspected in order to ascertain an appropriate address for service of process. *Winter v. Williams*, 108 N.C. App. 739, 742, 425 S.E.2d 458, 460, *disc. review denied*, 333 N.C. 578, 429 S.E.2d 578 (1993). *In re Clark*, 76 N.C. App. 83, 87-88, 332 S.E.2d 196, 199-200, *appeal dismissed*, 314 N.C. 665, 335 S.E.2d 322 (1985). Evidence before the trial court in the case *sub judice* revealed the public record and other sources mentioned above were easily accessible to plaintiff, but not utilized.

*Second*, all information necessary to communicate with Albritton at his personal address had been provided to the original lender Cameron-Brown, which itself had previously utilized this address to contact Albritton. Additionally, when Albritton presented the loan applications in question to Cameron-Brown, he listed the address of the unrelated business of which he was president, as well as home and business telephone numbers which remained current at the time foreclosure hearings commenced. We observe the Deeds of Trust assigned by Cameron-Brown to plaintiff contain no address for BECA, but that the affidavit of Ralph Carrigan, Vice-President of Plaintiff, states that "the general partners of Beca Enterprises provided to . . . Cameron-Brown" the post office box address at which certified mail service was attempted. Acknowledgement of this information not contained on the assigned instruments suggests possession by plaintiff of, or at a minimum, reasonable access to Cameron-Brown documents containing Albritton's actual address as well as the other information noted above.

*Finally*, we note plaintiff's attorney readily ascertained the address of Albritton and without difficulty obtained personal service upon him of the instant deficiency complaint at the Windsor Road address.

Under these circumstances, we determine that plaintiff neither utilized "due diligence" nor exerted a "reasonable and diligent" effort in attempting to serve the Notice of Foreclosure Hearing upon Albritton. Consequently, plaintiff failed to satisfy the statutory prerequisite to notice by posting and such attempted notice was ineffective. Plaintiff thus was unable to surmount the affirmative defense mounted by Albritton, and the trial court properly granted his motion for summary judgment. Accordingly, we do not address plaintiff's argument concerning its motion for summary judgment.

Affirmed.

Judges GREENE and MARTIN concur.