DILLON, Judge.
 

 *15
 
 I. Background
 

 In November 2006, Wenbin Chen ("Plaintiff") and Yaling Zou ("Defendant") were married.
 

 In March 2012, Plaintiff filed his complaint in this action seeking an absolute divorce from Defendant, alleging that the parties had separated in August 2010 when Defendant left the marital home and that Defendant had no subsequent contact with Plaintiff. Plaintiff served Defendant by publication in the Charlotte Observer, published in Mecklenburg County, North Carolina.
 

 In June 2012, the trial court entered a judgment for absolute divorce (the "Divorce Judgment").
 

 In January 2013, Defendant moved back into the marital home with Plaintiff with no knowledge of the Divorce Judgment. Seven months later, the parties had an altercation and Plaintiff called the police to eject Defendant from the home. At this time, Plaintiff produced the Divorce Judgment and showed it to the police.
 

 In November 2013, Defendant filed a Rule 60 motion to set aside the Divorce Judgment. After a hearing on the motion, the trial court entered an order setting aside the Divorce Judgment. In its order, the trial court found as fact that Plaintiff and Defendant's actual date of separation was in September 2011, that after the separation the parties continued to communicate with each other via telephone and text messaging, and that during the separation Defendant had made Plaintiff aware that she was living in New York City. Based on its findings, the trial court concluded that publication in the Charlotte Observer was insufficient under the requirements of Rule 4. Accordingly, the trial court granted Defendant's motion pursuant to Rule 60(b)(4) of our Rules of Civil Procedure, declaring the Divorce Judgment void. Plaintiff appeals.
 

 II. Standard of Review
 

 A motion for relief under Rule 60(b)(4) is within the discretion of the trial court, and our review "is [for] abuse of discretion."
 
 Creasman v. Creasman,
 

 152 N.C.App. 119
 
 , 121-22,
 
 566 S.E.2d 725
 
 , 727 (2002).
 
 See also
 

 Sink v. Easter,
 

 288 N.C. 183
 
 , 198,
 
 217 S.E.2d 532
 
 , 541 (1975).
 

 III. Analysis
 

 Plaintiff argues that the trial court erred in concluding that the Divorce Judgment was void based on improper service of process. We disagree.
 

 *16
 
 Rule 60(b)(4) allows the court to relieve a party from a judgment if "the judgment is void." N.C. Gen.Stat. § 1A-1, Rule 60(b)(4). If a judgment is rendered without an "essential element such as jurisdiction or
 
 *573
 

 proper service of process,
 
 " it is void.
 
 Van Engen v. Que Scientific, Inc.,
 

 151 N.C.App. 683
 
 , 689,
 
 567 S.E.2d 179
 
 , 184 (2002) (emphasis added);
 
 see also
 

 Sink v. Easter,
 

 284 N.C. 555
 
 ,
 
 202 S.E.2d 138
 
 (1974). If a judgment is void, it is a "legal nullity" which may be attacked at any time.
 
 Freeman v. Freeman,
 

 155 N.C.App. 603
 
 , 606,
 
 573 S.E.2d 708
 
 , 711 (2002).
 

 A. Timeliness of Motion
 

 As a preliminary matter, Plaintiff contends that the trial court's order must be reversed because Defendant failed to file her motion within the time prescribed by Rule 60(b).
 

 Rule 60(b) provides six different reasons for which a trial court may grant relief from a judgment, which are enumerated (1) through (6) in the Rule. The Rule requires that any party seeking relief from a judgment file her motion "within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment[.]" N.C. Gen.Stat. § 1A-1, Rule 60(b) (2014).
 

 Here, Defendant filed her motion some 17 months after the Divorce Judgment, which would be too late if the relief sought was based on subsection (1), (2), or (3) of Rule 60(b). The trial court, however, based its Rule 60(b) order on subsection (4) of the Rule-which allows a trial court to give a party relief from a "void" judgment. Plaintiff contends, though, that subsection (4) of Rule 60 is
 
 not
 
 the proper basis for the trial court's order because the Divorce Judgment was at most
 
 voidable,
 
 and not void. Plaintiff contends that the proper basis for the order was, rather, subsection (3) of Rule 60, which provides relief from judgments based on fraud or other misconduct by a party. Accordingly, Plaintiff contends that the order must be reversed since Defendant did not file her motion within one year of the Divorce Judgment as required by the Rule. We disagree.
 

 It is true that Defendant's Rule 60(b) motion is based on her contention that Plaintiff's affidavit of service was "fraudulent," which might suggest that the proper basis of her motion was under subsection (3). However, we have expressly held that there is a difference between a party misrepresenting to the trial court "of the length of the parties' separation in the divorce complaint and related inaccurate findings in the judgment" and a party misrepresenting that his spouse was properly served with process.
 

 *17
 

 Freeman,
 

 155 N.C.App. at 606
 
 ,
 
 573 S.E.2d at 711
 
 . The former type of misrepresentation renders the divorce judgment voidable, rather than void.
 

 Id.
 
 See also
 

 Dunevant v. Dunevant,
 

 142 N.C.App. 169
 
 , 174,
 
 542 S.E.2d 242
 
 , 245 (2001) (recognizing that a divorce decree "in all respects regular on [its face]" could not be declared void, "especially [where] the court specifically found that '[d]efendant was properly served' ");
 
 Stokley v. Stokley,
 

 30 N.C.App. 351
 
 , 354,
 
 227 S.E.2d 131
 
 , 133 (1976). On the other hand, a misrepresentation involving the actual service of process goes to the trial court's jurisdiction, and it is proper to attack any judgment rendered in such case as a "void" judgment under subsection (4) of Rule 60(b).
 
 Freeman,
 

 155 N.C.App. at 606
 
 ,
 
 573 S.E.2d at 711
 
 . Our Supreme Court has long recognized this distinction.
 
 See
 

 Hatley v. Hatley,
 

 202 N.C. 577
 
 ,
 
 163 S.E. 593
 
 (1932) ;
 
 Fowler v. Fowler,
 

 190 N.C. 536
 
 ,
 
 130 S.E. 315
 
 (1925).
 

 Since subsection (4) of Rule 60(b) was the proper ground for Defendant's motion in this case, Defendant was
 
 not
 
 required to bring her motion within 12 months of the entry of the Divorce Judgment. Rather, she merely had to bring her motion within a "reasonable time." Here, Defendant did file her motion within a reasonable time as required by the Rule. Specifically, she filed her Rule 60(b)(4) motion shortly after receiving actual knowledge from Plaintiff that he had obtained the Divorce Judgment.
 
 See
 

 Freeman,
 

 155 N.C.App. 603
 
 ,
 
 573 S.E.2d 708
 
 (wife's Rule 60(b)(4) motion filed seventeen (17) years after her husband obtained a divorce judgment was timely where she had only recently learned that her husband had forged her name on an acceptance of service of process). Accordingly, this argument is without merit.
 

 B. Service by Publication Was Defective
 

 In this case, Plaintiff attempted service by publication. Service by publication is
 
 *574
 
 in derogation of common law, and "statutes authorizing service of process by publication are strictly construed ... in determining whether service has been made in conformity with the statute."
 
 Dowd v. Johnson,
 
 --- N.C.App. ----, ----,
 
 760 S.E.2d 79
 
 , 83 (2014) ;
 
 Fountain v. Patrick,
 

 44 N.C.App. 584
 
 , 586,
 
 261 S.E.2d 514
 
 , 516 (1980).
 

 In evaluating whether service by publication is proper, this Court must first determine "whether the defendant was actually subject to service by publication-meaning that plaintiff exercised due diligence as required by Rule 4(j1)" before resorting to service by publication.
 
 Dowd,
 
 --- N.C.App. at ----,
 
 760 S.E.2d at 83
 
 .
 
 See also
 
 N.C. Gen.Stat. § 1A-1, Rule 4(j1) (2014) (providing that a party may be served by publication
 
 only
 
 if the party "cannot with
 
 due diligence
 
 be served by personal delivery [or] registered or certified mail"). Due diligence requires a plaintiff to
 
 *18
 
 use "all resources reasonably available to [him] in attempting to locate [a] defendant [ ]."
 
 Jones v. Wallis,
 

 211 N.C.App. 353
 
 , 357,
 
 712 S.E.2d 180
 
 , 183 (2011). "[S]ervice of process [of a divorce decree] by publication is void ... if the information required for personal service is within the plaintiff's actual knowledge or with due diligence could be ascertained."
 
 Thomas v. Thomas,
 

 43 N.C.App. 638
 
 , 646,
 
 260 S.E.2d 163
 
 , 169 (1979).
 

 There is no "restrictive mandatory checklist for what constitutes due diligence ... [r]ather, a case by case analysis is more appropriate."
 
 In re Clark,
 

 76 N.C.App. 83
 
 , 87,
 
 332 S.E.2d 196
 
 , 199 (1985). In the present case, the trial court made the following detailed findings relevant to Plaintiff's ability to ascertain the information required for personal service:
 

 [13.] Following the separation of the plaintiff and the defendant they continued to communicate with each other by telephone and text messages.
 

 ...
 

 [14.] The defendant told the plaintiff in their communications following their separation that she was in New York City.
 

 ...
 

 [26.] [N]o effort whatsoever was made to locate the defendant in New York City.
 

 ...
 

 [40.] The plaintiff ... stated that he has heard from others that the defendant was in New York City....
 

 These findings are supported by competent evidence in the record, including screenshots of text messages exchanged by the parties and testimony of both Plaintiff and Defendant in the trial court, and are thus conclusive on appeal.
 
 Thomas,
 

 43 N.C.App. at 646-47
 
 ,
 
 260 S.E.2d at 169
 
 . Although Plaintiff possessed contact information for and remained in contact with Defendant throughout the filing and disposition of the divorce proceedings, he failed to request her address for the purpose of serving her with process.
 
 [1]
 

 *19
 
 Based on the trial court's findings, we agree that the trial court properly concluded that Plaintiff failed to comply with the requirement of Rule 4(j1) to exercise due diligence in attempting to locate Defendant. Specifically, he failed to make "[any] effort whatsoever" to ascertain Defendant's address in New York City. Plaintiff failed to use Defendant's contact information which he had
 
 in his possession. See
 

 Barclays v. BECA,
 

 116 N.C.App. 100
 
 , 103,
 
 446 S.E.2d 883
 
 , 886 (1994) ("[A] reasonable and diligent effort ... [necessitates]
 
 employment
 
 of 'reasonably ascertainable' information.") (emphasis added). Accordingly, service of process by publication was improper.
 

 Further, even assuming that Plaintiff did exercise due diligence, the findings demonstrate that service by publication in Mecklenburg County was nevertheless inadequate.
 

 *575
 
 Specifically, Rule 4(j1) requires that the publication be "circulated in an area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending." N.C. Gen.Stat. § 1A-1, Rule 4(j1) (2014). Here, the findings demonstrate that Plaintiff had reliable information (from Defendant herself) that Defendant was living in New York City. Therefore, the findings suggest that service by publication in Mecklenburg County-where the action was pending-was ineffective. We note that Plaintiff cites
 
 Winter v. Williams,
 

 108 N.C.App. 739
 
 ,
 
 425 S.E.2d 458
 
 (1993), in support of his argument that service by publication was proper in Mecklenburg County. However, we find
 
 Winter
 
 distinguishable. Specifically, in
 
 Winter,
 
 we held that service of process was proper in Wake County (where the action was pending) where the plaintiff was only aware of information that the defendant had moved "out west, possibly California."
 
 Id.
 
 at 745,
 
 425 S.E.2d at 461
 
 . This Court concluded service was proper because plaintiff had no "reliable information" as to the defendant's whereabouts.
 
 Winter
 
 is distinguishable from the present case because Plaintiff had reliable information from Defendant and several other individuals that Defendant was in New York City, an area significantly smaller and more precise than "out West," or "possibly California."
 

 *20
 
 IV. Conclusion
 

 We hold that the Divorce Judgment sought by Plaintiff in this case was obtained without personal jurisdiction over Defendant and is, therefore, void. Accordingly, it was proper for the trial court to set aside the Divorce Judgment based on Rule 60(b)(4).
 

 NO ERROR.
 

 Judges HUNTER, JR. and DIETZ concur.
 

 [1]
 

 See
 

 Modan v. Modan,
 

 327 N.J.Super. 44
 
 ,
 
 742 A.2d 611
 
 (2000). In
 
 Modan,
 
 the New Jersey court considered the issue of whether a plaintiff satisfied due diligence requirements in serving his wife in divorce proceedings when he knew that she had moved to Pakistan but was not aware of her exact address. The court concluded that "plaintiff was aware of at least an e-mail address ... where defendant could be reached" and, citing the North Carolina Court of Appeals in
 
 Barclays v. BECA,
 
 held that plaintiff's actions did not satisfy due diligence because he failed to use "all reasonably available resources to accomplish service."
 
 Modan,
 

 327 N.J.Super. at 49-50
 
 ,
 
 742 A.2d at
 
 613-14 (citing
 
 Barclays v. BECA,
 

 116 N.C.App. 100
 
 ,
 
 446 S.E.2d 883
 
 (1994) ).