IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-240

Filed 19 March 2024

Wake County, No. 21 CVD 3353

BUILDERS MUTUAL INSURANCE COMPANY, Plaintiff,

v.

DANIEL R. NEIBEL, Individually and d/b/a DAN THE MAN CONSTRUCTION, Defendant.

Appeal by Defendant from Judgment entered 22 July 2022 by Judge Margaret P. Eagles in Wake County District Court. Heard in the Court of Appeals 31 October 2023.

*Stuart Law Firm, PLLC, by William A. Piner, II, for Plaintiff-Appellee.*

*Buckmiller, Boyette & Frost, PLLC, by Joseph Z. Frost, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Daniel R. Neibel, individually and d/b/a Dan the Man Construction (Defendant) appeals from Summary Judgment granting a money judgment in favor of Builders Mutual Insurance Company (Plaintiff) renewing a prior judgment entered against Plaintiff. The Record before us tends to reflect the following:

On 10 March 2021, Plaintiff filed a Complaint in Wake County District Court

alleging Plaintiff had previously obtained a judgment in Wake County on 11 March 2011 (2011 Judgment). The Complaint alleged the 2011 Judgment remained unsatisfied and sought entry of a renewed judgment for: (1) the principal sum of $4,343.81 with judgment interest accruing from 14 August 2009; (2) the principal sum of $200.00 with judgment interest accruing from 12 August 2009; and (3) court costs. On 10 June 2021, Defendant filed an Answer asserting affirmative defenses, including that the underlying 2011 Judgment was void for lack of personal jurisdiction, insufficient process, and insufficient service of process.

On or about 27 May 2022, Plaintiff filed a Motion for Summary Judgment. Defendant served a Memorandum of Law in Opposition to Motion for Summary Judgment on Plaintiff on 19 July 2022. The trial court heard Plaintiff's Motion for Summary Judgment on 21 July 2022.

At the summary judgment proceedings, Plaintiff asserted it filed a verified complaint in the underlying lawsuit on or about 25 January 2010 seeking to collect unpaid insurance premiums in the total amount of $4,543.81 related to Plaintiff's business (the 2010 Complaint). Defendant submitted his own Affidavit opposing summary judgment and other documents, including the 2010 Complaint, as exhibits attached to his Memorandum of Law opposing summary judgment. Attached as exhibits to the 2010 Complaint were billing records and insurance applications for policies purchased through an insurance agency in Boone, North Carolina, reflecting Defendant's address in Sugar Grove, North Carolina. Defendant also submitted a

Certificate of Assumed Name for his construction business to do business in Watauga County. The Certificate reflected addresses in Valle Crucis and Vilas, North Carolina. Defendant also submitted documentation reflecting his address on file with the North Carolina Licensing Board for General Contractors was in Paragon, Indiana.

Following unsuccessful attempts to personally serve Defendant with the 2010 Complaint, Plaintiff served Defendant by publication on 21 December 2010 in Watauga County, North Carolina. The Affidavit of Service by Publication filed in that underlying suit reflected in January 2010, Plaintiff attempted to serve the 2010 Complaint and summons on Defendant via certified mail at Defendant's Sugar Grove address. The summons was returned unclaimed. In April 2010, Plaintiff then attempted to serve the 2010 Complaint and alias and pluries summons at Defendant's Paragon, Indiana address. The summons was again returned unclaimed. In June 2010, Plaintiff again attempted service via alias and pluries summons by certified mail at an address in Vilas, North Carolina which was also unsuccessful. Finally, in August 2010, Plaintiff yet again attempted service of process on Defendant by Watauga County Sheriff again at the addresses in Vilas and Sugar Grove. This alias and pluries summons was not served because Defendant could not be located at those addresses by the Sheriff's office. Ultimately, on or about 13 October 2010, Plaintiff caused Notice of Service of Process by Publication to be published in The Watauga Democrat newspaper as Watauga County was Defendant's last known residence.

3

Following publication of the Notice Service of Process by Publication, Plaintiff moved for summary judgment and obtained the 2011 Judgment on 11 March 2011.

At the hearing on summary judgment in the case *sub judice,* Defendant contended the 2011 Judgment was void for lack of personal jurisdiction—and should not be renewed—arguing Plaintiff failed to comply with the requirements for service by publication of the 2010 Complaint. Defendant asserted Plaintiff failed to exercise reasonable diligence in attempting to personally serve Defendant prior to resorting to service by publication and by publishing the Notice of Service by Publication only in Watauga County and not in Paragon, Indiana and/or Wake County, North Carolina where the action was pending. Defendant's own Affidavit averred that while he was currently a resident of Watauga County, he did not reside and was not present in Watauga County between March 2009 and September 2012. Instead, Defendant claimed during that time he lived in Gosport, Indiana. As such, he further asserted he was not served and did not have actual notice of the 2010 Complaint or 2011 Judgment.

On 22 July 2022, the trial court entered Summary Judgment in favor of Plaintiff and against Defendant for the full amounts in the 2011 Judgment. Defendant, however, was not served nor provided a copy of the trial court's Summary Judgment until 5 December 2022. Defendant timely filed Notice of Appeal on 21 December 2022. *See* N.C.R. App. P. 3(c)(2) ("In civil actions . . . a party must file and serve a notice of appeal . . . within thirty days after service upon the party of a copy

4

of the judgment if service was not made within that three-day period" prescribed by Rule 58 of the North Carolina Rules of Civil Procedure).

## Issues

The issues on appeal are whether the trial court properly entered Summary Judgment for Plaintiff renewing the 2011 Judgment where: (I) service by publication of the 2010 Complaint was utilized following multiple attempts by Plaintiff to personally serve Defendant at multiple addresses in Watauga County and Indiana; and (II) Notice of Service of Process by Publication was published in Watauga County.

## Analysis

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). A grant of summary judgment "is appropriate if: (1) the non-moving party does not have a factual basis for each essential element of its claim; (2) the facts are not disputed and only a question of law remains; or (3) if the non-moving party is unable to overcome an affirmative defense offered by the moving party." *Erthal v. May*, 223 N.C. App. 373, 378, 736 S.E.2d 514, 517 (2012) (citations and quotation marks omitted).

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of

law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted). When ruling on a motion for summary judgment, all inferences of fact "must be drawn against the movant and in favor of the party opposing the motion." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation and quotation marks omitted).

On appeal in this case, Defendant argues Summary Judgment was improperly entered for Plaintiff, and, instead, should have been entered in favor of Defendant. Specifically, Defendant contends the 2011 Judgment was, itself, void because of defects in Plaintiff's service of process by publication. As such, Defendant asserts the trial court had no jurisdiction to enter the underlying 2011 Judgment against him in the first place, and the 2011 Judgment could not, therefore, be renewed in the present action.

" 'A defect in service of process by publication is jurisdictional, rendering any judgment or order obtained thereby void.' " *Cotton v. Jones*, 160 N.C. App. 701, 703, 586 S.E.2d 806, 808 (2003) (quoting *Fountain v. Patrick*, 44 N.C. App. 584, 586, 261 S.E.2d 514, 516 (1980)). "Service of process by publication is in derogation of the common law. Therefore, statutes authorizing service of process by publication are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." *Id*. (citation and quotation marks omitted).

Service by publication is governed by Rule 4(j1) of the North Carolina Rules of

Civil Procedure. "Rule 4(j1) permits service by publication on a party that cannot, through due diligence, otherwise be served." *Id.* Rule 4(j1) of the North Carolina Rules of Civil Procedure provides in relevant part:

> A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. Except in actions involving jurisdiction in rem or quasi in rem as provided in section (k), service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending.

N.C. Gen. Stat. § 1A-1, Rule 4(j1) (2023).

I.      Due Diligence

Defendant first contends Plaintiff failed to exercise due diligence in attempting to locate Defendant before resorting to service by publication of the 2010 Complaint. Defendant asserts Plaintiff should have utilized other avenues to locate Defendant beyond the attempts Plaintiff made to serve Defendant either in Watauga County or Indiana. We disagree.

"Due diligence dictates that plaintiff use all resources reasonably available to her in attempting to locate defendants. Where the information required for proper service of process is within plaintiff's knowledge or, with due diligence, can be ascertained, service of process by publication is not proper." *Fountain*, 44 N.C. App.

at 587, 261 S.E.2d at 516 (citations omitted).  However, "there is no 'restrictive mandatory checklist for what constitutes due diligence' for purposes of service of process by publication; '[r]ather, a case by case analysis is more appropriate.'" *Jones v. Wallis*, 211 N.C. App. 353, 358, 712 S.E.2d 180, 184 (2011) (quoting *Emanuel v. Fellows*, 47 N.C. App. 340, 347, 267 S.E.2d 368, 372 (1980)).  "Further, a plaintiff is not required to jump through every hoop later suggested by a defendant in order to meet the requirement of 'due diligence.'  This is particularly true when there is no indication in the record that any of the steps suggested by a defendant would have been fruitful." *Id.* at 359, 712 S.E.2d at 185.

Here, Defendant offers two suggestions for additional steps.  First, Defendant suggests Plaintiff should have attempted service at a Post Office Box in Watauga County.  Second, Defendant suggests Plaintiff should have made repeated attempts at service to the Paragon, Indiana address on file with the North Carolina Licensing Board for General Contractors.  Defendant also suggests Plaintiff should have tried simply contacting him by telephone to ascertain an address for service of the lawsuit against him.

Defendant, however, fails to identify any indication in the Record that these steps would have been fruitful.  To the contrary, Defendant's entire factual basis for his argument is that he did not live and was not present in Watauga County at the time—necessarily defeating his suggestion that service at a Watauga County Post Office Box would have borne fruit.  Likewise, Defendant casually ignores the fact that

the attempt at service at the Paragon, Indiana address was returned unclaimed and offers no indication further attempts would have been successful. Defendant also makes no effort to argue telephone calls would have resulted in successful service of the 2010 Complaint.

Defendant cites *Barclays American/Mortgage Corporation v. BECA Enterprises*, 116 N.C. App. 100, 446 S.E.2d 883 (1994), as supportive of his argument. In *Barclays*, the "sole attempt at personal service of Notice . . . consisted of a certified letter mailed to the business address . . ., a postal box number." *Id.* at 103, 446 S.E.2d at 886. We concluded, on the facts of that case, this was insufficient to constitute due diligence where the record reflected other addresses including a personal address that had been used previously to contact the defendant. *Id.* at 104, 446 S.E.2d at 886-87.

This case is a far cry from *Barclays*. Here, Plaintiff utilized their own records and the public record to attempt service on Defendant at business and residential addresses in Watauga County. Moreover, Plaintiff attempted service at the Indiana address on file with the Licensing Board for General Contractors. On the facts of this case, we conclude Plaintiff exercised due diligence in making multiple attempts to personally serve Defendant with the 2010 Complaint. This is particularly so where Defendant has not forecast that any other attempts would have been fruitful. *See Jones*, 211 N.C. App. at 358, 712 S.E.2d at 184.

II.     Publication in Watauga County

9

Defendant further contends Notice of Service by Publication of the 2010 Complaint in Watauga County was insufficient to meet the requirements of N.C.R. Civ. P. 4(j1). In relevant part, Rule 4(j1) requires:

> a notice of service of process by publication . . . in a newspaper . . . circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending.

N.C. Gen. Stat. § 1A-1, Rule 4(j1) (2023). Instead, Defendant contends Plaintiff was required to serve him by publication in Indiana and/or Wake County, North Carolina, or, possibly, in Indiana, Wake County, *and* Watauga County. Defendant contends Plaintiff either reasonably believed Defendant was located in Watauga County or Indiana and should have served him by publication in both locations. Alternatively, Defendant contends Plaintiff had no reliable information about his whereabouts and, as such, should have served Defendant in Wake County (where the action was pending) and Watauga County and/or Indiana. Defendant, however, offers no case law supporting his alternative and conflicting positions.[1]

In *Winter v. Williams*, this Court concluded service by publication was proper in Wake County—where the action was pending—where (a) plaintiff had made diligent attempts to serve defendant at addresses in Wake County and Granville County, North Carolina; (b) the only other information plaintiff received about

---

[1] Indeed, to be fair, our dissenting colleague provides a far more thoughtful analysis in making Defendant's case for him.

defendant's location was "defendant may be out west, possibly California,"; (c) inquiries to the California Department of Motor Vehicles revealed no information; and, importantly, (d) the defendant's last known address was also in Wake County. 108 N.C. App. 739, 743-45, 425 S.E.2d 458, 460-61 (1993). We concluded there the plaintiff had no reliable information concerning the defendant's location. *Id*. at 745, 425 S.E.2d at 461.

Subsequently, in *Chen v. Zou* this Court observed where a trial court's findings "demonstrate that [p]laintiff had reliable information (from [d]efendant herself) that [d]efendant was living in New York City . . . service by publication in Mecklenburg County—where the action was pending—was ineffective." 244 N.C. App. 14, 19, 780 S.E.2d 571, 575 (2015). We noted "*Winter* is distinguishable from the present case because [p]laintiff had reliable information from [d]efendant and several other individuals that [d]efendant was in New York City, an area significantly smaller and more precise than 'out West,' or 'possibly California.'" *Id*.

Here, Defendant appears to effectively concede service by publication in Watauga County itself was not improper. Indeed, it was entirely reasonable for Plaintiff to believe Defendant would be located in Watauga County. Plaintiff's dealings with Defendant all occurred in Watauga County. Defendant's last known residence was in Watauga County. Plaintiff's records of insuring Defendant all reflected Defendant's business was conducted only in North Carolina. Defendant's purchase of insurance products from Plaintiff was through a Watauga County

11

insurance agent. Indeed, Defendant's own affidavit submitted in the present action admits he was a resident and conducting business in Watauga County until 2009 and then returned to Watauga County in 2012—indicating he had not permanently severed all ties with Watauga County and underscoring the reasonableness of Plaintiff's belief as to Defendant's likely location.

Rather, Defendant—again without citing authority—contends Plaintiff was required to do more. Defendant contends Plaintiff was required to serve Defendant by publication in Indiana, arguing Plaintiff had reason to believe Defendant was located there because of the address on file with the Licensing Board for General Contractors. However, Plaintiff attempted service at this address and was unsuccessful, and the Record provides no further indication Plaintiff had any other reason to believe Defendant was located in Indiana. *See Winter*, 108 N.C. App. at 745, 425 S.E.2d at 461. This is particularly so given Plaintiff's dealings with Defendant, which all occurred exclusively in Watauga County. Therefore, we conclude on the facts of this case that Plaintiff had no reason to believe Defendant was located in Indiana. Thus, Plaintiff was not required to serve Defendant with notice of the 2010 Complaint by publication in Indiana.

Defendant further contends that, alternatively, Plaintiff had no reliable information whatsoever about Defendant's location. Thus, Defendant asserts, Plaintiff was required, as a matter of law, to serve Defendant in Wake County where

the action was pending. We disagree.[2]

Ultimately, the test for the constitutional validity of service "is not whether defendants received [a]ctual notice but whether the notice was of a nature [r]easonably calculated to give them actual notice and the opportunity to defend." *Royal Bus. Funds Corp. v. S.E. Dev. Corp.*, 32 N.C. App. 362, 369, 232 S.E.2d 215, 219 (1977). Here, it is apparent that service by publication in Wake County—of the three options available—was the option least reasonably calculated to give Defendant notice of the 2010 Complaint and an opportunity to defend.

Defendant's argument boils down to a contention that because Plaintiff could not obtain service of him at his Watauga County addresses, then Plaintiff necessarily did not believe Defendant was in Watauga County. Indeed, this is the analysis employed by the dissenting opinion here. This contention, however, misses the point. If Plaintiff had been able to effectuate personal service on Defendant at those addresses, service by publication would not be necessary. But it cannot logically follow that just because personal service was not effectuated in a county where Defendant was last known to reside and conduct business related to the lawsuit, Defendant was no longer located in that county—or more to the point, that Plaintiff could not reasonably believe Defendant would be located in that county for purposes of publication.

---

[2] This single point is where our dissenting colleague and we, respectfully, part ways.

Indeed, the dissent's analysis here functionally eviscerates the protections for defendants afforded by Rule 4(j1). Under the dissent's analysis, if a plaintiff is unable to serve a defendant personally at their last known location, publication of the notice cannot—as a matter of law—occur in that county. This cannot be so. The purpose of the notice of publication is to provide as meaningful an opportunity for a defendant to receive notice of the lawsuit as possible under the circumstances. Publication in the county where the suit is pending is the last resort. *See e.g., Zou*, 244 N.C. App. at 19, 780 S.E.2d at 575 (publication of notice inadequate in Mecklenburg County where plaintiff had information defendant had moved to New York).

Here, there is no dispute publication in Wake County would have provided practically zero chance of notice to Defendant. Meanwhile, it is not unreasonable for Plaintiff to believe Defendant would be located in Watauga County where he had resided, where his business was located, and where Defendant conducted business with Plaintiff though a local insurance agency. This is much different than the generalized assertion a defendant was "out west, possibly California." *See Winter*, 108 N.C. App. at 745, 425 S.E.2d at 461. The test is not whether Defendant was, in fact, located in Watauga County—but whether in 2010 Plaintiff reasonably believed Defendant was located in Watauga County based on what reliable information it had at the time.

Defendant's own affidavit underscores the reasonableness of Plaintiff's belief Defendant would be located in Watauga County. Defendant admits he resided and

14

operated his business in Watauga County, except for a temporary absence when he left to go to Indiana to care for his ailing father, returning to Watauga County after his father's death. As such, we conclude Defendant has failed to establish Plaintiff was required to publish notice of service of process by publication of the 2010 Complaint in Wake County where the action was pending.

Thus, in the case *sub judice*, Defendant has failed to forecast evidence Plaintiff failed to exercise due diligence in attempting personal service or that service by publication in Watauga County was invalid. Therefore, the trial court had personal jurisdiction over Defendant to enter the 2011 Judgment. Consequently, in this action, the trial court did not err in granting Summary Judgment to Plaintiff renewing the 2011 Judgment.

## **Conclusion**

Accordingly, for the foregoing reasons, the trial court's 22 July 2022 Summary Judgment is affirmed.

AFFIRMED.

Judge STROUD concurs.

Judge GORE dissents with separate opinion.

No. COA23-240 – *Builders Mut. Ins. Co. v. Neibel*

GORE, Judge, dissenting.

The majority opinion seeks to mitigate the tough consequences of an inadequate application of the stringent service by publication requirements, however, I believe a correct application of Rule 4(j1) requires remand and consequently to vacate the prior judgment, therefore I respectfully dissent.

Rule 4(j) of the North Carolina Rules of Civil Procedure states:

> A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication. Except in actions involving jurisdiction in rem or quasi in rem as provided in section (k), service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and *circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending.*

N.C. R. Civ. P. 4(j1) (2023) (emphasis added).

The majority is satisfied with plaintiff's reliance upon evidence of its prior dealings with defendant to establish it reasonably believed defendant was located in Watauga County. The evidence is dated a year or more prior to the filing of the prior judgment action, and evidence obtained through attempts to serve defendant during the lawsuit contradicted this reasonable belief. I agree with the majority that plaintiff demonstrated service by publication was proper in this case. But I disagree

with the majority's generous reading of what qualifies as a reasonable belief that defendant was located in Watauga County. Case law demonstrates the Courts must strictly apply service by publication requirements. *See Henry v. Morgan*, 264 N.C. App. 363, 365 (2019) (discussing how our Courts must strictly construe whether the party properly served the defendant under Rule 4(j1) because this type of service is a "derogation of the common law."); *Dowd v. Johnson*, 235 N.C. App. 6, 10 (2014) (cleaned up) ("Because service by publication is a derogation of the common law, statutes authorizing service of process by publication are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute.").

The majority argues that my application of Rule 4(j1) "functionally eviscerates the protections for defendants." I am not suggesting that a failure to personally serve defendant at their last known address equates as a matter of law in ruling that service by publication is not proper in that county. I am merely pointing to the facts of this case and comparing it with prior decisions by this Court that utilize the available facts to determine whether the serving party properly published in the area where the serving party believed the defendant was located. Given the strict requirements of service by publication, the purpose is not to determine whether defendant would actually get notice by publication in a certain county, although this is certainly a desired outcome as this equates to personal jurisdiction, but instead it is the proper application of Rule 4(j1). I agree with the majority, that it is likely in

- 2 -

this case defendant would not receive notice through publication in the county where the case was pending, after all he was in Indiana at the time of the lawsuit. But we are not given the luxury of applying the law based on how we think it should turn out, but rather by interpreting the law as articulated by the General Assembly and previously applied by the Courts.

In *Winter v. Williams*, the defendant argued the service by publication in the county in which the action was pending was improper because the serving party had some information defendant could be out west in California. 108 N.C. App. 739, 744–45 (1993). The *Winter* Court held that service by publication "in the county in which the action was pending" was proper. *Id.* at 745. The Court reasoned that the "defendant's last known address was in Wake County and despite reasonable efforts, [the] plaintiff had no 'reliable information' as to the defendant's whereabouts." *Id.*

Conversely, in *Chen v. Zou*, a later decision by this Court addressing the same application of Rule 4(j1), we discussed why service by publication in the location in which the action was pending was "inadequate." 244 N.C. App. 14, 19 (2015). The *Chen* Court determined the serving party did not "exercise due diligence" in attempting to serve the defendant, because the plaintiff had "reliable information" defendant was in New York City. *Id.* The effect of this inadequate service by publication was to recognize the prior divorce judgement was void and order it set aside. *Id.* at 20.

In both cases, the *Winter* Court and the *Chen* Court diverged in the application of Rule 4(j1) based upon evidence obtained during the legal proceedings. In *Winter*, the information obtained while attempting service demonstrated the plaintiff lacked reliable information of the defendant's whereabouts, because he received notice from a failed service attempt that the defendant could be located out in California. 108 N.C. App. at 743. The *Winter* Court determined the plaintiff only knew of the defendant's prior address and lacked reliable information as to where the defendant was located, therefore, publication was proper in the location where the action was pending. *Id.* at 745. Whereas, in *Chen*, the information the plaintiff had about the defendant during the legal proceedings (by talking to and texting the defendant) demonstrated the plaintiff had reliable information of where the defendant was located. 244 N.C. App. at 18–19. Therefore, the *Chen* Court stated it was improper to publish in the location where the action was pending, because he had reliable information from the defendant of her location. *Id.* at 19.

Plaintiff made the following attempts to serve defendant: (1) by certified mail to Sugar Grove, North Carolina, but it was returned unclaimed; (2) by certified mail to Paragon, Indiana, but it was returned unclaimed; (3) by certified mail to Vilas, North Carolina, but it was returned unclaimed; and (4) by personal service through the Watauga County Sheriff to both Vilas, North Carolina, and Sugar Grove, North Carolina, but the sheriff told plaintiff that defendant could not be located at either address, and there was no forwarding information. It appears plaintiff used due

diligence to obtain the Indiana address and attempt service there. While I would not impute a requirement for further attempts at the Indiana address beyond the service attempted, it does raise suspicion as to plaintiff's reliable information and reasonable belief of defendant's location.

Plaintiff made multiple attempts of service and each time received information that defendant could not be located at those addresses. Plaintiff also received notice prior to the hearing that stated defendant moved from the address in Watauga County. This evidence altogether, casts doubt upon plaintiff's reliance of prior dealings with defendant for where it believed defendant was located. When I consider the key differences between proper service by publication and improper service by publication in *Winter* and *Chen*, it becomes evident that the prior dealings of plaintiff with defendant were not enough to strictly comply with the requirements of Rule 4(j1). The requirement of service by publication in the location in which the action is pending, is a last resort, but it is necessary when the serving party reveals it lacks reliable information of defendant's location. Further, while it is not required, plaintiff could have published in more than one county when the evidence raised a question of whether plaintiff properly believed defendant was located in Watauga County, and whether that belief was based upon reliable information of defendant's location.

I am not suggesting defendant's lack of knowledge is determinative of the proper application of service by publication requirements, instead, I merely suggest

the evidence admitted, without dispute, casts great doubt upon the majority's determination service by publication was proper in Watauga County. In applying both *Winter* and *Chen* to the present case, I would consider the evidence obtained during the legal proceedings and let that guide the determination as to whether plaintiff had reliable information of defendant's location. In this case, because the evidence casts doubt on plaintiff's reliable information of defendant's location, I would determine the service by publication should have been issued in the county in which the case was pending, and therefore, service was improper and the judgment should be vacated for lack of personal jurisdiction. Therefore, I respectfully dissent.