Affirmed and remanded for entry of a modified judgment in accordance with this opinion.

103 A.3d 318

J.C., PLAINTIFF, v. M.C., DEFENDANT.

Superior Court of New Jersey
Chancery Division Ocean County
Family Part

Decided September 13, 2013.

Plaintiff, pro se.

No appearance by defendant.

L.R. JONES, J.S.C.

This case involves a circumstance where a husband files a divorce complaint, but cannot verify his wife's address for service of process due to an active domestic violence restraining order.[1] Accordingly, the legal issue at hand involves a clash of two distinct rules and policies in New Jersey: (1) the obligation of a plaintiff seeking to serve a divorce complaint upon a defendant to make "diligent inquiry" of the defendant's whereabouts to effectuate service of process, and (2) the right of a domestic violence victim to confidentiality of his or her location. The New Jersey Court Rules do not directly address this issue or its resolution.

For the reasons set forth in this opinion, since the second policy involves issues of physical safety while the first policy does not, the second policy must be given legal priority over the first. The

---

[1] In this case, husband is the named defendant in the domestic violence action, but the plaintiff in the divorce action, while wife is the named plaintiff in the domestic violence action, but the named defendant in the divorce action. Due to the parties' inverted roles in the two cases, and to prevent any confusion, the court will hereinafter refer to the parties in this case as "husband" and "wife", respectively.

court orders that husband shall not be required to demonstrate traditional "diligent inquiry" to locate wife, and in fact is prohibited from personally making any such hands-on investigation into wife's whereabouts. Instead, the domestic violence unit of the family court will attempt substitute service by forwarding a copy of the summons and complaint to wife at her last known address in the unit's records, via certified and regular mail.

## FACTUAL BACKGROUND

Husband and wife married in 2006. In 2012, wife filed a domestic violence complaint against husband. Following a hearing before another judge, the court found that husband committed an act of domestic violence against wife, and granted wife's request for a final restraining order (FRO). This order, which prohibited husband from contacting wife, still remains in full force and effect, and the parties have lived separate and apart ever since.

Notwithstanding the restraining order, wife has never filed for divorce, and the parties remain married. Husband, however, has now filed a pro se divorce complaint under *N.J.S.A.* 2A:34–2(i), seeking to terminate the marriage on the ground of irreconcilable differences. He has been unable to effectuate service of the filed complaint, through the sheriff's department or otherwise, as due to the no-contact order, he is unable to verify wife's present address or otherwise confirm her location.

On June 13, 2013, husband filed a motion for an order permitting substitute service, so that the divorce proceedings can proceed to conclusion in due course.

As noted, this case involves consideration of two competing policies in New Jersey family law jurisprudence: (1) the obligation of a plaintiff seeking to serve a complaint upon a defendant to make "diligent inquiry" of the defendant's whereabouts to effectuate service of process, and (2) the right of a domestic violence victim to confidentiality of location.

### Policy 1: Requirement of "Diligent Inquiry"

Generally, service of a plaintiff's divorce complaint is governed by *Rule* 5:4–1. The rules direct that service of process shall be in accordance with *Rule* 4:4, which has various subsections.

*Rule* 4:4–3 provides that a summons and copy of the complaint may be served by the sheriff or by a person specially appointed by the court for such purpose, or by a plaintiff's attorney or attorney's agent. If a plaintiff alleges that he or she cannot serve the complaint because he or she is uncertain of a defendant's whereabouts, the rules require that the plaintiff make and demonstrate "diligent inquiry" as to defendant's location, including place of abode, business or employment. *See R.* 4:4–7. Further, if a plaintiff seeks to serve the complaint through an alternate form of substitute or constructive service, then the plaintiff must file an affidavit of diligent inquiry which reflects the efforts actually made to determine the defendant's location for service of process. *See R.* 4:4–4, –5, –7.

Diligent inquiry requires a plaintiff, or his/her attorney or attorney's agent as applicable, to inquire of "of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of." *R.* 4:4–5(b). Further, the inquiry "shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer," *R.* 4:4–5(b), and the affidavit of diligent inquiry "shall be made by the inquirer fully specifying the inquiry made, (and) of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice." *R.* 4:4–5(b).

There is no objective formulaic standard for determining what is, or is not, due diligence. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant. The showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every

case. Determination of due diligence in each case is based upon the facts and circumstances thereof. A plaintiff need not exhaust all conceivable means of personal service before service by publication is authorized, but must follow up on information he or she possesses which might reasonably assist in determining defendant's whereabouts. *See Modan v. Modan,* 327 *N.J.Super.* 44, 48–49, 742 *A.*2d 611 (App.Div.2000).

█ The purpose of the requirement of diligent inquiry is to provide the defendant with reasonable and fair notice of the divorce proceedings. Service by publication, or other similar forms of substituted service which do not involve direct service upon, or contact with, a defendant, may at times provide less than adequate notice to a party of the commencement of litigation. *See M & D Assoc. v. Mandara,* 366 *N.J.Super.* 341, 353–55, 841 *A.*2d 441 (App.Div.), *certif. denied,* 180 *N.J.* 151, 849 *A.*2d 184 (2004) (plaintiff's diligent inquiry insufficient where unchecked motor vehicle records or voter registration records would have revealed defendant's address); *Modan v. Modan,* 327 *N.J.Super.* 44, 742 *A.*2d 611 (App.Div.2000) (effective service by publication improper when plaintiff knows of defendant's email address). Another way some plaintiffs attempt diligent inquiry is by requesting information from the United States Post Office of the defendant's last known address.

*Rule* 4:4–5(a) provides that when it appears that a defendant cannot be served in this state after diligent inquiry of the party's whereabouts, the court may permit service by alternate methods including the following: (1) personal service outside the state as prescribed by *Rule* 4:4–4(b)(1)(A); (2) service by mail as prescribed by *Rule* 4:4–4(b)(1)(C); (3) publication of a notice to absent defendant in a newspaper of general circulation in the county in which venue is laid; or (4) as may be otherwise provided by court order. Before permitting service of process by publication, virtually every jurisdiction requires a diligent inquiry be made as to the whereabouts of the defendant. *Modan v. Modan, supra,* 327 *N.J.Super.* 44, 48, 742 *A.*2d 611 (App.Div.2000).

In short, a plaintiff must generally demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service, such as by mail under *Rule* 4:4–4(c) or publication in a newspaper under *Rule* 4:4–5(3). If personal service cannot be effectuated even after diligent inquiry, a court may enter an order permitting service by alternate means, pursuant with due process of law. *See R.* 4:4–4(b)(3) and *R.* 4:4–5(a)(4).

### *Policy 2: Protecting Confidentiality of Domestic Violence Victim*

When a matrimonial defendant is also the plaintiff under an active restraining order, the aforementioned requirement of diligent inquiry must be qualified and restricted by another public policy. Specifically, under New Jersey's Prevention of Domestic Violence Act ("Act"), *N.J.S.A.* 2C:25–17, a domestic violence victim has the right to seek and maintain confidentiality of address and location from the other party. Pursuant to *N.J.S.A.* 2C:25–26(c), a victim's location shall remain confidential and shall not appear on any documents or records to which the defendant has access. Further, *N.J.S.A.* 2C:25–28(b) provides that the court shall waive any requirement that the petitioner's place of residence appear on the complaint. *N.J.S.A.* 2C:25–33 grants confidentiality to domestic violence records, stating that all records maintained pursuant to the Act shall be confidential and shall not be made available to any individual or institution except as otherwise provided by law. *N.J.S.A.* 2C:25–34 generally grants confidentiality to records in the domestic violence central registry.

As with all other sections of the Act, the common purpose of these multiple confidentiality provisions is "to assure the victims of domestic violence the maximum protection from abuse the law can provide." *N.J.S.A.* 2C:25–18. Indeed, our Legislature has found and declared domestic violence to be a serious crime against society. *Ibid.* To be left alone is, in essence, the basic protection the law seeks to provide victims seeking protection. *See State v.*

*Hoffman,* 149 *N.J.* 564, 695 *A.*2d 236 (1997). To accomplish this goal, the court may grant any relief necessary to protect further abuse. *N.J.S.A.* 2C:25–29(b). Such relief includes maintaining confidentiality of the victim's location. *N.J.S.A.* 2C:25–26(c), – 28(b), –33, –34.

Of course, not every protected party under a restraining order has a confidential address. For example, if a married couple lived in the same house for·many years, and one party obtains a no-contact restraining order against the other party for domestic violence, the court may award the plaintiff exclusive possession of the marital home under *N.J.S.A.* 2C:25–29(b)(2). So long as the protected party continues to live in the home, the address remains known to the other party and is not confidential. Conversely, however, there are cases where the protected party either moves from a prior address to a confidential location, or where the party's continued residency at the home cannot be verified by the other party one way or the other due to ongoing no-contact provisions of the restraining order.

When a domestic violence victim's address is not confidential, and when the other party files for divorce and effectuates service of process through the sheriff's department or other legally deputized process server, the service of such complaint does not itself constitute a per se violation of a restraining order. Otherwise, no party found to have committed domestic violence could ever institute divorce proceedings, no matter how long the parties have been separated, without risk of arrest and incarceration for violating a restraining order. Nothing in the domestic violence act even remotely reflects a legislative intent to block anyone, victim or defendant, from seeking a divorce against the other party, or from effectuating appropriate legal service of process upon the other party so that the dissolution proceedings may continue. So long as the complaint is served by a legally designated and appropriate third person such as a sheriff's officer, deputized process server, or other legally approved third person,

rather than by the domestic violence defendant personally, such action does not violate the terms and spirit of the Act.

Conversely, a person who is prohibited under a restraining order cannot by himself or herself hand or otherwise personally and physically serve the protected party with a divorce complaint, or any other papers for that matter. Not only is such hand-to-hand service of process ineffectual in such circumstance, but same clearly violates the purpose and spirit of the Act to keep a defendant physically away from the victim at all times. A defendant cannot use service of process as a justification or excuse to attempt personal physical contact with a protected party, instead of utilizing a sheriff's officer, a deputized process server or other approved third party.

While serving a divorce complaint through the sheriff or an approved third party is not a per se violation of a restraining order, a violation may occur when, before service, a domestic violence defendant unilaterally commences efforts to locate, confirm and compromise the confidentiality of the protected party's whereabouts, even for the purported purpose of demonstrating diligent inquiry of the spouse's location for service of process.

Thus, a matrimonial plaintiff who (a) is the defendant in an active restraining order protecting the other party, and (b) cannot confirm the other party's present whereabouts, faces a clear legal quandary in the midst of two seemingly competing policies. On the one hand, he or she has both a right to file for divorce and take appropriate legal steps to terminate a dead marriage. Yet, he or she cannot engage in traditional diligent inquiry in order to verify the spouse's address or whereabouts to effectuate service of process of the divorce complaint. For husband in this case, as well as other litigants who find themselves in a similar Catch–22, there must be a method for proceeding with substitute or constructive service in a manner which permits the divorce to proceed, but which does not violate the victim's continued right to confidentiality of address.

Given the need to provide maximum protection for victims of domestic violence, the legal system must not require, compel, or in any way authorize or encourage a defendant under an existing restraining order to commence personal investigation of the plaintiff's whereabouts, even for the purpose of demonstrating "diligent inquiry" for service of process. Rather, an alternative procedure must be implemented, which simultaneously respects the goal of diligent inquiry, i.e., providing fair and reasonable notice to a defendant of pending divorce litigation, while concurrently respecting and supporting a domestic violence victim's right to maintain confidentiality of location from the other party.

One might conclude that a logical solution to the problem is for the plaintiff to effectuate constructive service by way of publication of the summons and divorce complaint in the legal notice section of a newspaper regularly circulated in the area of the matrimonial defendant's last known residence, without any diligent inquiry. The inherent problem with leap-frogging directly to service by publication, however, is that such methodology is one of the least likely methods of successfully providing an absent litigant with notice of an ongoing legal proceeding. *Camden County Bd. of Soc. Servs. v. Yocavitch*, 251 *N.J.Super.* 24, 29, 596 *A.*2d 769 (Ch.Div.1991). This is especially true in today's internet generation, where printed newspapers are fast shrinking in circulation and general readership. Nonetheless, there may conceivably be occasions when there is no other reasonable and practical option for substituted service. This case, however, does not give rise to such an occasion.

A more practical option for providing notice to the defendant, without violating that party's confidentiality of location, is for the court to enter an order directing the court's domestic violence unit to forward the summons and complaint to the spouse via certified mail to his or her last known address on file in the confidential records of the domestic violence unit. Service of process by a clerk of the court via certified mail is not without precedent. For example, pursuant to *Rule* 6:2–3(d)(1), when a plaintiff files a

special civil part, small claims, or landlord tenant complaint, the rules authorize the clerk of the special civil part in all such cases to effectuate service of the summons and complaint upon the defendant by mail.

In this case, it is possible that wife has since moved or changed addresses and did not provide notice to the domestic violence unit. It is equally possible, however, that the address is still the same, or even if changed, that a forwarding address and other information is available to the clerk. Further, the domestic violence unit generally maintains not only a plaintiff's contact address, but a contact cell phone number as well. Hence, even if a plaintiff has changed his or her address since entry of the restraining order, the cell phone number may not have changed, in which case the domestic violence unit may attempt to contact the person telephonically to advise of the divorce filing and to request written confirmation of a new forwarding address. Similarly, email information may be requested, in which case the complaint may be potentially provided via substitute service by internet correspondence with scanned attachment.

For these reasons, the court will enter an order formally requesting that an authorized representative of the court's domestic violence unit forward a copy of the summons and complaint, along with the order herein, via certified mail, to wife at her last address of record. If service via certified mail is effectuated, the domestic violence unit will notify the court so that the case may continue accordingly. Alternatively, if the domestic violence unit is unable to serve or otherwise contact wife, either because she has moved with no forwarding address or for any other reason, the unit will notify the court to determine any future additional action to effectuate alternate substitute service of the divorce complaint.

Finally, the court notes that New Jersey has a separate, but little-known statute, the Address Confidentiality Program Act, *N.J.S.A.* 47:4–1, to –6, which offers further protection for victims of domestic abuse in certain situations by preventing abusers from

learning their whereabouts. A domestic violence victim who wishes to keep his or her address confidential, and who voluntarily participates in this program, may also be served with legal process via substituted service upon the Office of Secretary of State, as applicable. *See Sacharow v. Sacharow,* 177 *N.J.* 62, 71–74, 826 *A.*2d 710 (2003).