NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5501-14T2

ROYAL TAX LIEN SERVICES,
L.L.C. d/b/a CRUSADER
LIEN SERVICES, L.L.C,

 Plaintiff-Respondent,

v.

SYEDA FATIMA SHUAIB and
SYED TARIQ SHUAIB,

 Defendants-Appellants,

and

HILLTOP FUEL HEATING & A/C,
and DISCOVER BANK,

 Defendants.
_________________________________

 Argued December 13, 2016 – Decided May 11, 2017

 Before Judges Messano and Suter.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Camden County,
 Docket No. F-9651-11.

 Ahmed M. Soliman argued the cause for
 appellants (Soliman & Associates, P.C.,
 attorneys; Syed Tariq Shuaib, on the pro se
 brief).

 1
 Adam D. Greenberg argued the cause for
 respondent (Honig & Greenberg, L.L.C.,
 attorneys; Mr. Greenberg, on the brief).

PER CURIAM

 This appeal is from the denial of a motion to vacate a Final

Judgment of Tax Sale Certificate Foreclosure (Final Judgment) by

defendant Syeda Fatima Shuaib (Syeda)1. We exercise our original

jurisdiction under Rule 2:10-5 and affirm the denial, although for

reasons other than those expressed by the motion judge.

 We relate only such facts as are necessary to the issues on

appeal. Syeda and defendant Syed Tariq Shuaib (Syed) are brother

and sister. They are the owners of a property located in Winslow

Township, Camden County (the Property), which they purchased in

2003. Syed alleges the house on the Property was destroyed in

2006 by a storm, and was not restored until 2011. During that

time, Syed disputed the amount of taxes due to Winslow Township.

Syed acknowledged he stopped paying taxes on the Property in 2007.

 Plaintiff, Royal Tax Lien Services, L.L.C. (Royal), purchased

the Property's tax lien certificate from Winslow Township on

December 9, 2008, for $3,748.79. When the Property was not

redeemed after two years, Royal gave written notice of its

intention to foreclose to Syed and Syeda on September 28, 2011.

1We refer to the owners of the subject property by their first
names only to avoid confusion because they have the same last
name.
 2
The notice was sent to an address in Paterson, Passaic County.

Thereafter, on November 15, 2011, Royal filed a Summons and

Complaint for Foreclosure of Tax Sale Certificate(s) (the

complaint), naming Syed and Syeda as defendants.

 Syed was personally served with the complaint on February 6,

2012, at the Paterson address, but he told the process server that

Syeda was not living there at the time and that he had no forwarding

address for her. Syed was defaulted on April 10, 2012, when he

did not file an answer to the complaint.

 After attempting personal service at the Paterson address in

February, Syeda was served on June 14, 2013, by publication in a

Camden County newspaper. The affidavit of diligent inquiry by

Royal's attorney detailed Royal's efforts to obtain a current

address. The search included an inquiry to the Post Office, which

gave the Paterson address as "good as addressed"; the internet,

which showed the Paterson address; the White Pages, which also

showed the Paterson address; the Social Security death index,

which had no record on file for Syeda; the local Board of

Elections, which had no record; and an obituary website, which

also was negative. Royal's counsel called an attorney for Syed,

who did not have an address for Syeda, and called Syed, who

promised to call back but never did. Having been served by

publication, Syeda was defaulted on December 26, 2013.

 3
 On March 19, 2014, an order was entered setting the redemption

amount as $29,977.76 and requiring redemption by May 5, 2014, or

the right to redeem would be extinguished under N.J.S.A. 54:5-87.

This order was served on Syeda by publication on April 4, 2014.

It was served on Syed by regular and certified mail to the Paterson

address, although the certified mail was returned unclaimed. When

neither Syed nor Syeda paid the redemption amount, the Final

Judgment was entered on December 2, 2014.

 There have been three motions filed to vacate the Final

Judgment. The first was made by Syed and denied on January 9,

2015. That order was not appealed. The second motion to vacate

was made by Robert Brown, an alleged partial owner of the Property,

whose name does not appear on the deed. This motion was denied

by order dated March 20, 2015. That order was not appealed. The

third motion made by Syeda requested restraints, a declaration the

Final Judgment was void, and redemption.2 Syeda's motion was

denied on June 26, 2015 without oral argument. The trial court

later clarified its decision in a letter dated December 4, 2015.

Finding that Syeda's motion was "not filed due to a deficiency for

lack of []proper fee by Mr. Ahmed/Shuaib," the court stated the

2No one has included a copy of the Notice of Motion or Order to
Show Cause in their appendix.
 4
denial of the June 26 order "was not based on the merits of the

Motion but . . . was denied because of the Notice of Deficiency."3

 The Notice of Appeal (the Notice) filed in this matter

provided that both Syed and Syeda appeal the June 26, 2015 order,

but it is signed by Syed only. The appellate Case Information

Statement (the CIS) is signed by Syed and not by Syeda. The brief

in support of the appeal, although noting the names of Syed and

Syeda on the cover, is signed only by Syed. Because Syeda did not

sign the Notice, the CIS nor the brief, it is clear that Syeda has

not appealed the June 26, 2015 order.

 The June 26, 2015 order related to a motion that Syeda, not

Syed, filed to vacate the Final Judgment. At oral argument,

counsel for Syeda contended that Syed was not Syeda's agent in

handling the affairs of the Property.4 Syed also is not an

attorney. As such, Syed had no authority to file the appeal for

his sister. "[O]nly an aggrieved party may appeal a judgment."

3The Automated Case Management System (ACMS) reflects a fee paid
on April 30, 2015, that appears to relate to Syeda's May 22, 2015
motion.

4If Syed were Syeda's agent, then service of process on Syed would
have been effective for Syeda. See R. 4:4-4(a)(4) (service of
summons, writs and complaints may be effected "by delivering a
copy of the summons and complaint to any employee or agent of the
individual within this State acting in the discharge of his or her
duties in connection with the business or the management of the
real property").
 5
Spinnaker Condo. Corp. v. Zoning Bd. of City of Sea Isle City, 357

N.J. Super. 105, 111 (App. Div.) (citing Howard Sav. Inst. of

Newark v. Peep, 34 N.J. 494, 499 (1961)), certif. denied, 176 N.J.

280 (2003).

 Nevertheless, in certain circumstances, we "may exercise such

original jurisdiction as is necessary to complete the

determination of any matter on review." Price v. Himeji, L.L.C.,

214 N.J. 263, 294 (2013) (quoting R. 2:10-5). "[T]he exercise of

original jurisdiction is appropriate when there is 'public

interest in an expeditious disposition of the significant issues

raised[.]'" Ibid. (second alteration in original) (quoting Karins

v. City of Atlantic City, 152 N.J. 532, 540-41 (1998)). Rule

2:10-5 also allows original jurisdiction to be used "to eliminate

unnecessary further litigation, but discourage[s] its use if

factfinding is involved." Ibid. (alteration in original) (quoting

State v. Santos, 210 N.J. 129, 142 (2012)). As we aptly stated

in Vas v. Roberts, 418 N.J. Super. 509 (App. Div. 2011),

 [r]esort to original jurisdiction is
 particularly appropriate to avoid unnecessary
 further litigation, . . . as where the record
 is adequate to terminate the dispute and no
 further fact-finding or administrative
 expertise or discretion is involved, . . . and
 thus a remand would be pointless because the
 issue to be decided is one of law and
 implicates the public interest.

 [Id. at 523-24 (citations omitted).]

 6
 Here, there are no relevant facts in dispute, and we view it

as unnecessary to further prolong issues of ownership regarding

the Property by a remand to the trial court. We therefore affirm

the June 26, 2015 order denying Syeda's motion to vacate the Final

Judgment.

 The only argument Syed makes to vacate the Final Judgment is

that Syeda was not properly served with the tax foreclosure

complaint when she was served by publication. Syed contends

because the original deed from 2003 listed an address in Hasbrouck

Heights for both Syed and Syeda, and because Royal did not search

for an out-of-state driver's license or conduct a skip search,

that Royal's search lacked appropriate due diligence.

 Under Rule 4:4-5(a), a defendant who "cannot, after diligent

inquiry as required by this rule, be served within the State," can

be served by publication "once in a newspaper published or of

general circulation in the county in which the venue is laid." R.

4:4-5(a)(3). "Service by publication is hardly favored and is the

method of service that is least likely to give notice." M & D

Assocs. v. Mandara, 366 N.J. Super. 341, 353 (App. Div. 2004)

(citing Modan v. Modan, 327 N.J. Super. 44, 48 (App. Div. 2000))

(other citation omitted). As "an alternative method of service

of process . . . it must be consistent with due process." Ibid.

"[T]he rule requires an affidavit that a diligent inquiry has been

 7
made and that the defendant is not available for service within

the State." Ibid. (citation omitted). The affidavit of "diligent

inquiry must be carefully scrutinized." Ibid.

 Syed relies on M & D as support for his argument that service

on his sister was not adequate. In M & D, two brothers purchased

a home together, but when the property taxes were not paid, the

tax certificate was sold. Id. at 346. One brother was served

with the complaint personally, but the second was served by

publication. Id. at 347. We remanded because a search of the

Division of Motor Vehicles records would have revealed the

brother's in-state address. Id. at 353-54. We held there that

even though service was effective on one of the brothers, the

entire judgment of foreclosure was void because the other brother

could have redeemed the property at any time had he been served.

Id. at 356-57.

 In contrast to M & D, Syeda lived out-of-state in New York.

There is no indication that a search of the New Jersey motor

vehicle records would have revealed the New York license or

address. Further, Syed and his sister plainly communicated,

otherwise he would not have had a copy of her New York driver's

license included in his appendix. Syed never returned a call to

Royal's counsel when he was asked for Syeda's address. Royal

conducted an internet search with no results for Syeda's location,

 8
aside from the Paterson property address. Syed did not show that

Syeda's address could have been found; he only contended that

other sources should have been checked. We are satisfied from our

review of the record that service on Syeda by publication was

sufficient.

 Having been properly served by publication, Syeda did not

answer the foreclosure complaint and the Final Judgment was

entered. Syeda's motion to void the Final Judgment based on lack

of service was filed under Rule 4:50-1. Having rejected the lack

of service argument as insufficient, we are satisfied that Syeda's

motion to void the Final Judgment was properly denied.

 Affirmed.

 9