**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2947-15T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
OF THE INDYMAC INDX MORTGAGE
TRUST 2007-AR5, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-AR5 UNDER THE POOLING
AND SERVICING AGREEMENT DATED
MARCH 1, 2007,

    Plaintiff-Respondent,

v.

JIN S. CHOI, HIS/HER HEIRS,
DEVISEES, AND PERSONAL
REPRESENTATIVES AND
HIS/HER/THEIR OR ANY OF
THEIR SUCCESSORS IN RIGHT,
TITLE AND INTEREST, and IL Y.
YOON, HIS/HER HEIRS, DEVISEES,
AND PERSONAL REPRESENTATIVES
AND HIS/HER/THEIR OR ANY OF
THEIR SUCCESSORS IN RIGHT,
TITLE AND INTEREST, and MRS.
JIN CHOI, WIFE OF JIN CHOI, and
MR. YOON, HUSBAND OF IL Y.
YOON, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR FIRST AMERICAN
REALTY CAPITAL CORP.,

    Defendants-Appellants.

_____

Submitted August 15, 2017 — Decided August 25, 2017

Before Judges Manahan and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-6432-13.

Joseph A. Chang & Associates, LLC, attorneys for appellants (Joseph A. Chang, of counsel; Mr. Chang and Jeffrey Zajac, on the brief)

Greenberg Traurig, LLP, attorneys for respondent (Lori G. Singer, of counsel; Jason H. Kislin, on the brief).

PER CURIAM

In this mortgage foreclosure action, defendants Jin S. Choi and Il Y. Yoon appeal from a January 11, 2016 order denying defendant Choi's motion to vacate default and a February 3, 2016 final judgment entered against both defendants. Defendants' principal argument is that plaintiff failed to properly serve them with the summons and complaint and, thus, the default should have been vacated and the final judgment should not have been entered. The Chancery Court found that plaintiff had attempted to personally serve defendants and, after diligent inquiry, served defendants by publication as allowed under Rule 4:4-5(a)(3). Accordingly, the Chancery Court denied defendant's motion to vacate the default and entered a final judgment. We discern no abuse of discretion by the Chancery Court and affirm.

In January 2007, defendant Choi borrowed $750,000 and executed a promissory note. That loan was secured by a mortgage given by defendants Choi and Yoon on property located at 213 11th Street, Palisades Park, New Jersey (the Property). The mortgage was initially given to Mortgage Electronic Registration Systems, Inc. (MERS), acting on behalf of First American Realty Capital Corporation.

In 2008, defendants failed to make payments under the loan and mortgage. In October 2012, the mortgage was assigned to plaintiff Deutsche Bank National Trust Company, as trustee of the IndyMac INDX Mortgage Trust 2007-AR5, Mortgage Pass-Through Certificates, Series 2007-AR5 under the Pooling and Servicing Agreement dated March 1, 2007 (plaintiff or Deutsche Bank).

On February 27, 2013, Deutsche Bank filed a foreclosure complaint against defendants. Thereafter, in March 2013, Deutsche Bank attempted to personally serve defendant Choi with the complaint. The process server, hired by Deutsche Bank, made attempts to serve defendant at the Property on several different occasions. The process server also attempted to personally serve Choi at 406 Crocus Hill, Norwood, New Jersey, which, as it turns out, was defendant Choi's residence. The process server, however, was not successful in personally serving defendant.

Deutsche Bank then made various searches to identify defendant's address. Those searches included postal inquiries, internet searches, skip trace searches, searches of tax records, and searches of records maintained by the Motor Vehicle Commission (MVC). Those searches identified an address for defendant Choi at 406 Crocus Hill, Norwood, New Jersey. Those inquiries also revealed a mailing address for defendant Choi at P.O. Box 237, Leonia, New Jersey. Deutsche Bank caused the complaint to be sent to both the Norwood and Leonia addresses by certified mail, but those mailings were returned unclaimed.

On October 1, 2013, Deutsche Bank caused a notice of the complaint to be published in the Record newspaper, a newspaper of general circulation in Bergen County, "the county in which the venue is laid." R. 4:4-5(a)(3). Copies of that publication were also sent to defendants at the Property, as well as the Norwood and Leonia addresses.

On March 25, 2014, Deutsche Bank filed a request for entry of default. In support of that application, Deutsche Bank also filed a "CERTIFICATION OF INQUIRY AND MAILING NOTICE AND COMPLAINT TO ABSENT DEFENDANTS AND PUBLICATION," dated March 20, 2014. On April 25, 2014, a default was entered against defendants.

In August 2015, Deutsche Bank filed a motion for final judgment. Deutsche Bank mailed a copy of that motion to defendant

Choi. Defendant Choi acknowledged receiving a copy of the motion for final judgment and represented that such notice was the first notice he had of the foreclosure action.

The following month, in September 2015, prior to the entry of final judgment, defendant Choi moved to vacate the default. Defendant contended that the attempts to personally serve him were insufficient and that the service by publication was defective. After hearing oral argument on January 8, 2016, the Chancery Court denied defendant's motion to vacate the default in an order issued on January 11, 2016. The court also issued a written statement of reasons explaining its ruling.

The Chancery Court found that Deutsche Bank had provided adequate proof of its diligent efforts to locate and personally serve defendant. The court also found that the service by publication was proper under Rule 4:4-5(a)(3). The court went on to reason that Deutsche Bank had complied with the requirements of due process. Finally, the court reasoned that defendant had offered no meritorious defense to the foreclosure action.

The final judgment in favor of Deutsche Bank was entered on February 3, 2016. The judgment entitles Deutsche Bank to receive $1,119,823.41, together with interest, costs of suit, and counsel fees of $7500.

II.

Defendants now appeal the denial of the motion to vacate the default and the entry of the final judgment. Defendants argue that plaintiff failed to properly serve the summons and complaint and, thus, the Chancery Court was without jurisdiction and it erred in not vacating the default and entering final judgment. In making that argument, defendants contend that the affidavit of diligent inquiry "lacked reliability" and was filed out of time because it was filed six months after the publication of service. Defendants also argue that the Chancery Court erred in not conducting a plenary hearing on allegedly disputed issues concerning whether defendant was properly served with the summons and complaint. Having considered these arguments in light of the record, we reject them and affirm.

We review a motion to vacate default for abuse of discretion. See Bernhardt v. Alden Café, 374 N.J. Super. 271, 282 (App. Div. 2005) (reversing on the ground that "failure to vacate default was an improper exercise of discretion"). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Here, the Chancery Court denied defendant's motion to vacate default finding that defendant was properly served by publication following a diligent inquiry that failed to lead to personal service, and, having been properly served, defendant failed to present a meritorious defense.

In Modan v. Modan, we surveyed other appellate courts across the country to determine what constitutes a diligent inquiry such that service by publication becomes appropriate. 327 N.J. Super. 44, 48-49 (App. Div. 2000). We found that "a plaintiff need not exhaust all conceivable means of personal service before service by publication is authorized. A plaintiff need only follow up on that information possessed by plaintiff which might reasonably assist in determining defendant's whereabouts." Id. at 48 (quoting Carson v. Northstar Dev. Co., 62 Wn. App. 310, 316 (1991)).

Plaintiff's affidavit of diligent inquiry establishes that plaintiff made substantial efforts to locate defendant and effect personal service. A search of MVC records yielded an address of 20 10th Street, Palisades Park, New Jersey, an address that pre-dated the mortgage. A tax search listed the mortgaged premises as the address of record. An internet search yielded the same result. A skip trace provided an address for Choi at 406 Crocus Hill, Norwood, New Jersey. The Postmaster for Norwood confirmed that mail was delivered to this address.

A second skip trace provided an address for Choi at P.O. Box 237, Leonia, New Jersey. The Postmaster affirmed this was a valid address for Choi, but could provide no other address where personal service might be effected. Searches performed with the Social Security Death Index, the County Voter Registration Office, and the Surrogate's Office, yielded no results. The Office of Vital Statistics was unable to provide any information.

A private process server was hired to attempt personal service. Six attempts were made. The first at the mortgaged premises, in which at least one tenant was residing. This tenant did not provide any information about an address where Choi might be located. Personal service was attempted five times at 406 Crocus Hill, Norwood, New Jersey, over a two-week period, at varying times of day. Plaintiff then attempted to serve Choi by regular and certified mail at all known addresses, but the certified mails were returned unclaimed. Thus, we agree with the Chancery Court that plaintiff's thorough search to locate defendant and its multiple attempts at personal service constitute a diligent inquiry as required by Rule 4:4-5.

After such diligent inquiry was conducted and plaintiff was unable to effectuate service, defendant was properly served by "publication of a notice to absent defendants once in a newspaper

published or of general circulation in the county in which the venue is laid[.]" <u>R.</u> 4:4-5(a)(3).

Nothing in the language of <u>Rule</u> 4:4-5 requires that an affidavit of diligent inquiry be filed with the court prior to service by publication. <u>See, e.g.</u> <u>M & D Associates v. Mandara</u>, 336 <u>N.J. Super.</u> 341, 347 (App. Div.), <u>certif. denied</u>, 180 <u>N.J.</u> 151 (2004) (where service by publication was made nearly four months before the affidavit of diligent inquiry was filed). It requires only that a diligent inquiry be made prior to such service. If a defendant fails to respond or appear, plaintiff must file an affidavit of diligent inquiry before default can be entered if such inquiry was required to properly effectuate service. <u>See</u> <u>R.</u> 4:43-1 (stating that a request for entry of default must be supported by an affidavit that "shall recite the service of the process").

Plaintiff filed its request for entry of default, along with its affidavit of diligent inquiry, on March 25, 2014, less than six months after the publication of service on October 1, 2013. It follows that plaintiff requested default "within [six] months of the actual default," as required by <u>R.</u> 4:43-1. Since there is nothing in the <u>Rules</u> that requires filing the affidavit of diligent inquiry prior to requesting entry of default, plaintiff's affidavit of diligent inquiry was not untimely. Even if more than

six months had passed, plaintiff simply would have been required to seek default by notice of motion, instead of having default entered by the clerk.

A motion to set aside default is "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Trs. of Local 478 Trucking and Allied Indus. Pension Fund v. Baron Holding Corp., 224 N.J. Super. 485, 489 (App. Div. 1988) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)). "Nevertheless, before a default is set aside, defendant must at the very least show the presence of a meritorious defense worthy of a judicial determination." Ibid. Particularly in a foreclosure matter, "[i]f there is no bona fide contest, a secured creditor should have prompt recourse to its collateral." Ibid. If the defendant was not properly served, however, the showing of a meritorious defense "cannot be required as a matter of due process." Pressler & Verniero, Current N.J. Court Rules, comment on R. 4:43-3 (2017) (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86-87, 108 S. Ct. 896, 900, 99 L. Ed. 2d 75, 82 (1988); Midland Funding, LLC v. Albern, 433 N.J. Super. 494, 501 (App. Div. 2013)).

Here we agree with the Chancery Court that defendant was properly served by publication, thus the Chancery Court

appropriately considered defendant's failure to assert a meritorious defense as part of defendant's motion to vacate default. Since service of process was properly effectuated, the Chancery Court properly denied defendant's motion to vacate default based on the lack of a meritorious defense.

Defendant Choi's September 29, 2015 motion to vacate default also requested "a [p]lenary [h]earing relative to the service of the [s]ummons and [c]omplaint against [d]efendant." When there is a genuine dispute of material fact, and evidence beyond the motion papers is necessary for a resolution, the Chancery Court cannot resolve the issue without a plenary hearing. See K.A.F. v. D.L.M., 437 N.J. Super. 123, 137-38 (App. Div. 2014). "[A] court may not make credibility determinations or resolve genuine factual issues based on conflicting affidavits." Ibid. (citing Conforti v. Guliadis, 245 N.J. Super. 561, 565-66 (App. Div. 1991), aff'd in part and modified in part on other grounds, 128 N.J. 318 (1992)).

Here, defendant requested a plenary hearing only with regard to the issue of service of the summons and complaint. There is no genuine dispute of material fact regarding that issue. It is indisputable that plaintiff conducted an inquiry to locate defendant for personal service. Plaintiff, as part of its request for entry of default against defendant, filed an affidavit of

11 <span>A-2947-15T3</span>

diligent inquiry with the court as proof that defendant had been properly served by publication. Although defendant challenged whether plaintiff's efforts constituted a sufficient affidavit of diligent inquiry under Rule 4:4-5(b), defendant did not argue that any specific part of the affidavit were untrue.

The assertion that the affidavit and circumstances of service lacked reliability is not, by itself, sufficient to warrant a plenary hearing. Furthermore, defendants have not pointed to any information in plaintiff's possession that would have "reasonably assist[ed] in determining defendant's whereabouts." Modan, supra, 327 N.J. Super. at 48 (quoting Carson v. Northstar Dev. Co., 62 Wn. App. 310, 316 (1991)). In Modan plaintiff failed to disclose that he was in possession of defendant's e-mail address, information that may have helped effect actual notice. Id. at 49. Here, defendants make no comparable assertion about information in plaintiff's possession. Therefore, the determination of whether defendant was properly served did not involve a genuine dispute of material fact. Thus, no plenary hearing was necessary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                                    A-2947-15T3